RICHARD H. SUTHERLAND *vs.* MARIO SCARDINO
(and a companion case[1]).

Norfolk.   December 8, 1955. — May 11, 1956.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & WHITTEMORE, JJ.

*Negligence,* Guest, Motor vehicle, Gross. *Evidence,* Personal observation of witness.

At the trial of actions of tort arising out of a collision in which an automobile operated by one called as a witness was involved, there was no error in striking out testimony of his as to events leading up to the collision where he admitted that he had "absolutely no personal

---

[1] The companion case is by the same plaintiff against Virgilio C. Cenci.

knowledge about" such events and "would have to reconstruct" them. [181]

A plaintiff who as a guest occupant of an automobile started on a "joint journey of pleasure" one night with the defendant, who was the operator of the automobile, and with its other occupants and the occupants of a second automobile, was still a guest of the defendant when, after both automobiles had stopped and their occupants had gotten out for the changing of a flat tire on the second automobile, the plaintiff was struck by a third automobile while he was removing the spare tire from the trunk of the second automobile so that it might replace the flat tire and the journey of the group be resumed. [182]

Evidence that the operator of an automobile proceeding northerly at night overtook a second automobile, which had a flat front tire and had stopped by the easterly curb, and turned his automobile around and parked it on the easterly side of the street so that the low beam of its headlights illuminated the tire of the second automobile, and that a guest in the first automobile, while removing the spare tire from the trunk of the second automobile, was hit by a third automobile which had approached from the south and whose operator was blinded by the headlights of the first automobile, did not warrant a finding of gross negligence on the part of the operator of the first automobile toward the guest. [182]

Two ACTIONS OF TORT. Writs in the Superior Court dated January 2, 1953.

The actions were tried before *Donahue, J.*

*Bertram A. Sugarman,* for the plaintiff.

*Samuel P. Sears,* for the defendant Scardino.

*Walter F. Henneberry,* for the defendant Cenci.

WILLIAMS, J. In these actions of tort the plaintiff seeks to recover for personal injuries received on July 25, 1952, on the Southern Artery in Quincy when struck by an automobile operated by one Richard W. Boyd. There was testimony that at about 12:30 A.M. on that day the plaintiff, the defendants Scardino and Cenci, Mrs. Scardino, and four or five others agreed to drive to a certain restaurant in Boston in two automobiles. The plaintiff, Mrs. Scardino, and two of the men rode with Scardino in his automobile. The others rode with Cenci. While proceeding northerly on the Southern Artery Cenci had trouble with his right front tire. He signaled to Scardino, who was behind, to stop, and drew up on the right side of the road parallel to the easterly curb. Scardino passed him, turned his automobile around,

and parked it facing south in front of the Cenci automobile. He did this in order that his headlights, which were on low beam, might illuminate Cenci's right front tire which required changing. The automobiles were then ten or fifteen feet apart. Cenci's parking lights were lighted. The occupants of both automobiles alighted and Cenci, with the assistance of one of the men, proceeded to jack up his front wheel. Someone suggested that a spare tire be obtained from Cenci's trunk in the rear of his automobile, and the plaintiff offered to get it. He walked to the rear of the Cenci automobile and while removing the spare tire from the trunk was struck by an automobile coming from the south operated by Boyd. A verdict was ordered to be returned for each defendant. The cases are before us on the exceptions of the plaintiff to the directions of the verdicts and to a ruling of the judge on a matter of evidence.

In the plaintiff's substitute consolidated bill of exceptions it is stated that "The plaintiff boarded the car of the defendant Scardino when it left for Boston as a gratuitous guest of the defendant Scardino. The occupants of both cars were on a joint journey of pleasure. At the time of the accident the plaintiff was assisting in the repair of the flat tire on the car of the defendant Cenci so that the Cenci car would be able to resume the originally planned trip of having all the occupants of both cars go into Boston on their original mission."

The ruling to which the plaintiff excepted was made during the interrogation of Boyd, who seems to have been called as a witness by the plaintiff and under direct examination testified as follows. He was an electrical engineer and while driving north on the artery at from thirty to thirty-five miles per hour was blinded by a headlamp. The headlamp was straight ahead of him and, when he first saw it, was twenty to twenty-five feet away and appeared to be moving toward the center of the road, that is, from Boyd's right side of the road toward the center. He put his foot on the brake and the collision with the plaintiff and the Cenci automobile occurred. He did not observe any red

lights on the rear of any automobile. On cross-examination
by the attorney for Cenci during which he was examined as
to a statement made by him to the registry of motor vehicles
he testified that as a matter of fact he did not know any-
thing about the accident proper until just an instant before
it happened; that he did not know whether or not he was
adjusting the rear view mirror; and that when he told the
police that he was, he was trying to reconstruct it to the
best of his ability. To a question "if I were to ask you:
'What do you know about this accident?' you would have
to say: 'I have absolutely no personal knowledge about
any of the circumstances leading up to it. I would have to
reconstruct it.' Is that what you would have to do?" the
witness answered "Yes, sir." The judge then allowed a
motion to strike out the witness's testimony and the plain-
tiff excepted. In answer to a subsequent inquiry by the
judge as to the report he had made to the police Boyd
testified that the report was a reconstruction of the acci-
dent; that he tried to recreate it; and that the report was
only one of three opinions which he had.

He stated to the judge, at the conclusion of his testimony,
that the only knowledge he had of the accident was that he
was blinded by a lamp. There was no error in striking out
his testimony as to what he believed must have occurred
prior to the collision as it was based on facts which he
learned of later and not on personal observation and recol-
lection. His final statement that he was blinded by a lamp,
made in answer to the interrogation by the judge, was not
struck out. It could be found in connection with other
evidence of the circumstances that this lamp was one of
the headlights of Scardino's automobile and that its effect
upon Boyd was a contributing cause of the collision with
the plaintiff. A jury would be warranted in finding that
Scardino should reasonably have anticipated that his head-
lights might confuse or blind operators approaching from
the south (see *Morrison* v. *Medaglia*, 287 Mass. 46); that
he was negligent in placing his automobile on what is com-
monly called the wrong side of the road; and that his

conduct was a contributing cause of Boyd striking the plaintiff.

The extent of Scardino's duty of care to the plaintiff depended upon their relationship. There is no conflict as to the facts. The occupants of both automobiles were on a "joint journey of pleasure," the plaintiff riding as a gratuitous guest in Scardino's automobile. There was a temporary interruption of the trip caused by Cenci's tire trouble. Scardino and the plaintiff appear to have been as much interested in repairing the tire so that the journey could be resumed as were Cenci and his guests. Scardino furnished lights for the repair operation. The plaintiff went to get the spare tire. The fact that he was not in Scardino's automobile when injured was not, in the circumstances, material. *Ruel* v. *Langelier*, 299 Mass. 240. *Bragdon* v. *Dinsmore*, 312 Mass. 628. *Ethier* v. *Audette*, 307 Mass. 111. Both were in its immediate vicinity engaged in activities designed to promote a resumption of its use. Neither one did anything evidencing an intent to terminate the relationship which they had assumed. Compare *Conley* v. *Rosenfield*, 271 Mass. 433; *Fone* v. *Elloian*, 297 Mass. 139. In view of the common purpose shared by the occupants of both automobiles the plaintiff's action in helping Cenci was no different in effect from a similar act by him relating to Scardino's automobile. See *Ruel* v. *Langelier, supra.* We think that when the plaintiff was injured he continued to be a guest of Scardino and that the latter's duty of care toward him was not to cause him injury by an act of gross negligence. *Massaletti* v. *Fitzroy*, 228 Mass. 487. It could not be found that Scardino's negligence was of that character and the direction of a verdict in his favor was not error.

In the action against Cenci the only contention made as to his negligence was that his rear lights were not lighted. Boyd testified that he "did not observe any red lights in the rear of any car." As we interpret the record this was a part of Boyd's testimony which was struck out, and we think properly so for the reason heretofore stated. If allowed to stand, his admitted lack of knowledge of matters

leading up to the collision showed a degree of inattention sufficient to deprive his negative statement of any affirmative value in proving that Cenci's rear lights were not lighted. See *Menard* v. *Boston & Maine Railroad,* 150 Mass. 386, 387; *Slattery* v. *New York, New Haven & Hartford Railroad,* 203 Mass. 453, 457–459; *Gibb* v. *Hardwick,* 241 Mass. 546, 549; *Hough* v. *Boston Elevated Railway,* 262 Mass. 91, 93–94; *McGaffee* v. *P. B. Mutrie Motor Transportation, Inc.* 311 Mass. 730, 734. There was no error in directing a verdict for Cenci.

*Exceptions overruled.*