NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11557


COMMONWEALTH  vs.  MARLON HOLMES.


September 12, 2014


Imprisonment, Credit for time served.  Practice, Criminal, Sentence.


This case is before the court for further appellate review. The Appeals Court, in a divided opinion, held that the defendant must be credited for time served on a sentence for a vacated conviction against sentences that he was serving on later convictions.  Commonwealth v. Holmes, 83 Mass. App. Ct. 737 (2013).  The Commonwealth argues that the defendant is not entitled to credit for time served on an earlier conviction that was unrelated to the later convictions, where he had completed serving the sentence before committing the new crimes.  It argues further that allowing credit in such circumstances implicates the prohibition against banking time.  We agree with the Commonwealth, and affirm the Superior Court's order denying the defendant's motion for credit.

Background.  The facts are fully set forth in the Appeals Court's opinion.  Commonwealth v. Holmes, supra at 737-738.  In short, in 1997, the defendant pleaded guilty to unlawful possession of a controlled substance (class B) with intent to distribute.  After he completed serving his sentence on that conviction in 1999, he was released.  In 2003, the defendant pleaded guilty to two counts of unlawful possession of a firearm, both committed in 2002, and two subsequent offender counts in violation of G. L. c. 269, § 10G (b).  He was sentenced to serve two concurrent terms of from twelve years to twelve years and one day and credited for his pretrial confinement.  In 2005, while he was incarcerated for the 2003 convictions, the defendant moved to withdraw his guilty plea for

the unrelated 1997 offense on the ground of ineffective assistance of counsel.  That motion was allowed in 2006, and the underlying complaint for the 1997 offense was eventually dismissed.[1]

In 2011, while still incarcerated, he filed a motion "for time served on reversed or revised prior sentences under [G. L. c. 279, § 33A(6)]," seeking credit for the earlier sentence that he had completed serving on the vacated 1997 conviction.  A Superior Court judge denied his motion for credit.  The defendant appealed.  The Appeals Court reversed the denial of the defendant's motion and credited him for the time that he had served on the vacated 1997 conviction against the sentences that he was serving on the 2003 convictions.  Commonwealth v. Holmes, supra at 744.

Discussion.  The defendant is not claiming any statutory right to credit.  See G. L. c. 127, § 129B; G. L. c. 279, § 33A. Absent a controlling statute, considerations of fairness guide our determination whether and to what extent credit is due. Chalifoux v. Commissioner of Correction, 375 Mass. 424, 427-428 (1978), and cases cited.  Where, as here, a defendant seeks credit for unrelated crimes, there are two considerations in play:  first, a prisoner should not be required to serve "dead time" on a vacated sentence for which he otherwise would not receive credit, see Commonwealth v. Milton, 427 Mass. 18, 24 (1998); and second, a prisoner is prohibited from using "banked time" from an earlier conviction toward a new conviction. Manning v. Superintendent, Mass. Correctional Inst., Norfolk, 372 Mass. 387, 395-396 (1977) (Manning).  In weighing these equitable considerations, the banking prohibition outweighs any concern about dead time:  "[T]he need to prevent criminal defendants from 'banking time' for use against future sentences outweighs any fairness issues normally applicable in [dead time] situations."  Commonwealth v. Milton, supra at 25.

The Appeals Court concluded that the prohibition against banking was not implicated by the circumstances of this case and that the denial of credit in these circumstances would be

---

[1] One of the two predicate offenses for the defendant's 2003 convictions was another 1997 conviction of unlawful possession of a controlled substance (class B) with intent to distribute. His vacated 1997 conviction was not a predicate offense.  Thus, he could not avail himself of the vacated 1997 conviction (and the time he had served on the sentence for that conviction) by seeking resentencing on the 2003 convictions.

contrary to the principles of fairness on which the dead time cases are based.  Commonwealth v. Holmes, 83 Mass. App. Ct. at 739.  The court relied heavily on the fact that the defendant did not have any knowledge that the 1997 conviction would be vacated when he committed the new crimes that resulted in the 2003 convictions.  Id. at 740-741 ("Banking turns on one factor: commission of an offense with knowledge that a sentence previously served has been judged improper").  In the Appeals Court's view, where there were no concerns that the defendant committed new crimes with the knowledge that he had banked time, considerations of fairness required that he receive full credit for the time served on his vacated conviction toward his subsequent, unrelated sentences.  Id. at 742-743.

The defendant's position finds some support in this court's discussion of banking time in the Manning case, where the banking prohibition did not apply when the new crime was committed before the earlier convictions were reversed:

> "[I]t is not our intention to grant prisoners license to commit future criminal acts with immunity.  Indeed, the fear of authorizing 'a line of credit for future crimes,' . . . has troubled a number of courts. . . . Such concerns are not appropriate here. . . . Credit allowed when the subsequent conviction is for an offense committed before the reversal of the first sentence in no way permits credit for future criminal acts."

Manning, 372 Mass. at 395-396 (citations omitted).  While the defendant in the Manning case did not knowingly bank time before committing a new crime, he did serve dead time on earlier, related sentences.[2]  The court remedied the injustice of the

---

[2] In Manning, the defendant was found guilty by a Norfolk County jury of various charges for which he received concurrent sentences.  Manning v. Superintendent, Mass. Correctional Inst., Norfolk, 372 Mass. 387, 388-389 (1977).  While he was serving those sentences, he was convicted of an unrelated Suffolk County charge for which he received a sentence to be served from and after the Norfolk sentences.  Id. at 389.  While serving the Norfolk sentences, his Norfolk convictions were reversed on appeal.  Id.  The defendant remained incarcerated on the Suffolk sentence and sought credit for the dead time that he had served on his vacated convictions.  Id. at 395.  In Manning, unlike this case, the sentences were related; the defendant received a sentence on the Suffolk conviction to be served from and after his Norfolk sentences, and a calculation of the start date for

defendant having served dead time on these related sentences by crediting that time toward the from-and-after sentence that he received for his new crime.  Id. at 396-397.  In the present case, the court considers circumstances that are similar in one respect to the events in Manning, i.e., the defendant did not have any prior knowledge that his earlier conviction would be vacated before he committed his new crime, but distinguishable in another very important respect, i.e., there was no substantive or temporal connection between the earlier sentence and new sentence.

There may be circumstances in which a criminal defendant could receive credit for time previously served on an unrelated crime, but we do not find those circumstances here.[3]  Although we acknowledge that the defendant will have served dead time on his 1997 sentence, we cannot allow him credit toward his 2003 convictions, especially where he completed serving his 1997 sentence before committing any new crimes.  Credit for time served on a vacated conviction cannot be applied against time to be served on new and unrelated sentences in this fashion. Manning, 372 Mass. at 395 n.9.  Moreover, allowing credit would undermine an essential purpose of the prohibition against banking time, which is to prevent a defendant from effectively receiving immunity for new crimes.  See Commonwealth v. Milton, 427 Mass. at 25, citing Manning, supra at 395.  It is true that the defendant could not have known with any certainty that his earlier conviction would be vacated before committing the new crimes, but that does not change the fact that he would be drawing on time banked from his earlier conviction, for which

---

the Suffolk sentence was therefore dependent on the completion (or vacation) of his Norfolk sentences.  Id. at 389.  In those circumstances, considerations of fairness required that the defendant receive full credit for the dead time served on his vacated convictions toward the consecutive sentence that he was serving on his subsequent conviction.  Id. at 396-397.

[3] For example, we are not faced with circumstances where an earlier conviction has been vacated on the ground of actual innocence.  The defendant successfully sought to withdraw his guilty plea on the charge of unlawful possession of a controlled substance (class B) with intent to distribute on the ground of ineffective assistance of counsel.  The criminal complaint was eventually dismissed.  We leave open the possibility of allowing credit for time served on a completed sentence for an unrelated crime where there is actual innocence or some other equally compelling circumstance.

his sentence had been fully served, and applying it toward his new convictions.

Allowing credit in these circumstances would encourage defendants who previously have not filed motions for a new trial on their prior convictions to file such motions after they have already completed their sentences, solely in order to obtain a credit to be applied against sentences for subsequently-committed crimes. Only recidivists would benefit from such a system. There also would be a foreseeable, yet unnecessary, burden on the court system in having to adjudicate these motions. And, in the event such a motion is granted, the Commonwealth may feel obligated to pursue a new trial not for the purpose of obtaining a conviction for the subject offense, but solely for the purpose of preventing credits for unrelated and completed sentences from being applied toward the subsequent crimes. For these reasons, where, as here, a defendant has fully completed his sentence on an unrelated conviction, the need to prevent abuses associated with banking time outweighs any concern about unfairness arising from dead time. See Commonwealth v. Milton, 427 Mass. at 25.

Conclusion. The defendant is not entitled to credit for time served on his vacated 1997 conviction. Accordingly, we affirm the Superior Court's order denying his motion for credit.

So ordered.

Jane Davidson Montori, Assistant District Attorney, for the Commonwealth.
Merritt Schnipper for the defendant.