Hanlon, J.
The defendant appeals from the partial denial of his motion for pretrial confinement credits on the sentence imposed on his probation revocation, claiming that he is entitled to an additional fifty-six days of credit for time he spent in jail awaiting trial on what he describes as unrelated charges. We affirm in part and reverse in part.
Background. “As with most sentencing disputes, a specific chronology is useful to clarify the issues.” Commonwealth v. Holmes, 83 Mass. App. Ct. 737, 737 (2013), S.C., 469 Mass. 1010 (2014). At various times during the period at issue, the defendant had *728 three unrelated, open criminal charges — an assault and battery charge, an unarmed robbery charge that was reduced to larceny from the person, and a charge of failure to register as a sex offender. It is the failure to register charge that is primarily at issue in this case; it arose in the Waltham Division of the District Court Department, which issued a criminal complaint for that offense on May 8, 2009. The defendant was arraigned on July 22, 2009, and was held at the Nashua Street jail on $5,000 bail from the July 22 arraignment date until at least August 24, 2009.[1]
The docket sheet in the record does not indicate that bail ever was posted or reduced; however, the parties appeared to agree that the defendant was not held on that charge after August 24, 2009, apparently in reliance on the letter from the keeper of the records at the Nashua Street jail. See note 1, supra. However, the District Court docket sheet also shows that, on August 24, 2009, the failure to register case was continued to September 29, 2009, with the notation “Habe to Nashua St. Jail same bail $5/0’.” From this, we conclude that, although the defendant was held in the Suffolk County (Nashua St.) jail on other charges, and required a writ of habeas corpus to bring him back to the District Court on September 29, he also was transported with a $5,000 bail mitti-mus to secure his return to the District Court to appear for the failure to register case.[2] There is no entry indicating that the bail remained the same at the next hearing on September 29, but by that time, the defendant had been indicted, and the indictment warrant would have prevented his release regardless of the District Court bail status.
The defendant was indicted on the failure to register case on September 3, 2009, and arraigned in Superior Court on October 7, 2009. At his arraignment, he was held on the same $5,000 cash bail as in the related District Court case; he remained in custody until March 31, 2010, when he pleaded guilty and was sentenced to three years’ probation. On September 13, 2011, the defendant was before the court for a probation violation hearing and after-wards was released on personal recognizance. He defaulted on *729 November 29, 2011, and remained in default until January 10, 2012, when he appeared before the court; he was then held until February 28, 2012, when he was found in violation of the terms of his probation. On March 1, 2012, the defendant was sentenced to State prison for five years to five years and one day. It is against this sentence that the defendant seeks credit for time served.
On April 17, 2008, more than one year before the complaint for failing to register issued, the defendant had been charged in the Boston Municipal Court Department with one count of assault and battery. He pleaded guilty on August 12, 2008, and was placed on probation for two years. On August 26,2008, the defendant was before the court for a preliminary probation violation hearing. That matter was continued several times until the defendant failed to appear on November 19, 2008. On July 9, 2009, the defendant was back before the court for violating the terms of his probation; he was detained on the probation violation until August 21, 2009, when he stipulated to the probation violation. His probation was then extended to August 11, 2010. A warrant was issued for the defendant’s arrest on that probation case when he failed to appear on March 22, 2010. On April 1, 2010, the day after he pleaded guilty to failing to register as a sex offender, the defendant went back before the Boston Municipal Court Department on the assault and battery case; his probation was then terminated, and he was discharged.
In addition, on August 26, 2008, the defendant had been charged in the Boston Municipal Court Department with unarmed robbery and assault and battery by means of a dangerous weapon (larceny charge). He was held initially, but bail was reduced to $400 cash on September 23, 2008, and he appears to have posted the bail. As noted earlier, the defendant defaulted on November 19, 2008, and remained in default until he came back before the court on July 9, 2009. He was held on $750 cash bail until October 21, 2009, when the Commonwealth answered not ready for trial, and the charges were dismissed “For Want of Prosecution.”
The defendant originally was given fifty-one days’ credit for the time he was held between January 10, 2012, through February 29, 2012, while the probation violation hearing (on the failure to register charge) was pending, before he received a sentence on March 1. He later was given an additional 176 days of credit for the time he spent from October 7, 2009, when he was arraigned in Superior Court on the failure to register charge, through March 31, 2010, when he was placed on probation. The defendant then *730 filed a motion requesting pretrial confinement credit for ninety additional days, from July 9, 2009, through October 6, 2009. The judge allowed the motion with respect to the thirty-four days from July 22, 2009, through August 24, 2009, when the parties agree that the defendant was held on District Court bail for the failure to register complaint. The judge denied the motion with respect to the remaining fifty-six days.
Discussion. The defendant now argues that the judge unfairly declined to credit him with fifty-six days he spent incarcerated awaiting trial on what he characterized originally as unrelated charges. The defendant’s request for credit can be divided into two parts: first, during the thirteen days from July 9, 2009, through July 21, 2009, he was held on both the assault and battery charge and the larceny charge, but not the failure to register charge; second, during the forty-three days from August 25,2009, through October 6, 2009, he was held on the larceny charge and, as appears from our review, also on the failure to register charge.
The first period, that is, the time the defendant was held only on the assault and battery and the larceny charges was for different crimes, unrelated to and, in fact, preceding his arraignment on the failure to register charge for which he is now serving a sentence. A defendant normally is not entitled to credit for time spent in detention on unrelated charges. See Commonwealth v. Milton, 427 Mass. 18, 24 (1998) (“[Tjime spent in custody awaiting trial for one crime generally may not be credited against a sentence for an unrelated crime”). While “[i]n some circumstances, a defendant may be allowed to credit time in an unrelated case if necessary to prevent a defendant from serving ‘dead time,’ ” ibid., this first period of time is not such a circumstance. Permitting the defendant to credit those days is tantamount to permitting him to “bank” time — not against the sentence on the failure to register charge, which crime, admittedly, he had already committed, but against the sentence on the probation violation on the failure to register charge, which came later, at least after he was placed on probation on March 31, 2010. As the court pointed out in Commonwealth v. Holmes, 469 Mass, at 1011, “the banking prohibition outweighs any concern about dead time.”
The second period, from August 25, 2009, through October 6, 2009, is different. During that period, it appears that, notwithstanding the $750 bail on the untried larceny case, the defendant actually and primarily was held on the $5,000 bail that was set initially in the District Court on the failure to register charge at *731 issue, and reaffirmed in Superior Court when the defendant was arraigned on the indictment for that charge. Despite the judge’s contrary finding, the case records on that charge support our conclusion that the time period at issue was governed by the failure to register charge that is the basis of the defendant’s sentence. It is also clear that any time spent in custody awaiting trial on a charge should be credited against a later sentence on that offense, even if a period of probation precedes the imposition of the committed sentence. See Watts v. Commissioner of Correction, 42 Mass. App. Ct. 951, 953 (1997) (days spent awaiting trial on a charge that resulted in a probation sentence “are not inevitably lost to the [defendant] because he would become entitled to a credit for them in the event he were to be imprisoned for a probation violation with respect to his suspended sentences on the new crimes. See G. L. c. 279, § 33A”).
Insofar as the order on the defendant’s motion for pretrial confinement credit denies credit for the thirteen-day period between July 9 and July 21, 2009, it is affirmed. As to the second forty-three day period at issue, that is, from August 24 to October 6, 2009, the order is reversed, and a new order shall enter allowing the defendant credit for that time against the sentence he is now serving.

So ordered.

The record appendix includes a letter from the keeper of the records at the Nashua Street jail which indicates that the defendant was incarcerated on the failure to register charge at the Nashua Street jail from July 22, 2009, through August 24, 2009.

At oral argument, the defendant agreed with this reading. The Commonwealth agreed that the docket sheet could be read that way, but maintained that the record of the Nashua Street jail was more likely to be accurate.