Grainger J.
(concurring). I concur in the result reached by the majority, and wish to acknowledge the precision and conscientious analysis required to parse a record of this complexity. I write separately to note that our current case law obviates the need for much of the careful review afforded this defendant. While fairness is the professed touchstone by which we determine entitlement to credit for previous incarceration,[1] Commonwealth v. Holmes, 469 Mass. 1010, 1011 (2014) (Holmes), citing Chalifoux v. Commissioner of Correction, 375 Mass. 424,427-428 (1978), our law now severely circumscribes that concept.
This is best illustrated by the thirteen-day period this defendant was held for an “unrelated” offense, after which he was released *732 without any change to his previous sentence of straight probation, and for which he then sought credit. The motion judge denied his request, speculating that “it may have been considered by the prosecutor and the Probation Department that [the defendant’s] pretrial detention was a sufficient penalty for the circumstance.” The judge’s speculation seeks to justify the thirteen days of incarceration as tantamount to the imposition of a sentence for time served, albeit without the benefit of any actual finding, conviction, or accompanying sentencing procedure. Yet even that strained rationale no longer appears necessary to meet our current standard of fairness, as the Supreme Judicial Court has determined that we will not require the Commonwealth to expend resources in order to provide a legal basis for incarceration merely to avoid the possibility that a defendant may seek credit for that imprisonment at some future time.[2] Holmes, supra at 1013.
Additional factors, disconcertingly asserted by our case law as pertinent to credit for dead time, are also present here. This defendant is a multiple recidivist. Without a second incarceration, credit is not possible; recidivism is thus a precondition to raise the issue of credit for dead time. Yet even as it does so, recidivism is considered a factor to be weighed against granting credit for dead time, automatically diminishing entitlement to fairness. Ibid. I submit that recidivists have the same right as other individuals not to be incarcerated without a legal basis, and to receive credit if it is determined that they were.
Recidivism obviously does not come into play in the provision of credit for time served in computing a sentence for the same crime after trial and conviction. Credit for such pretrial confinement is not subject to dispute in Massachusetts and does not raise the issue of dead time, as it involves no subsequent reversal. It does, however, provide the purely semantic source of the concept, imported into our cases, of the entitlement to credit for unjustified imprisonment only on a “related” offense. This has no rational nexus to any considerations of fairness. Holmes, supra at 1012 (“Substantive or temporal connection” constitute very important factors in dead time consideration).
Yet additionally, our cases have held that a sentence fully *733 served, then vacated, is less deserving of credit than one interrupted in medias res. Holmes, supra at 1012. I submit that the application of redress only to a shorter period of legally unsupported imprisonment, but not to a longer one, is illogical, and certainly not consonant with any rational notion of fairness.
Finally, our case law holds that the underlying reason a conviction is vacated should be considered in deciding whether to credit a defendant for time served pursuant to that conviction. We favor reversals based on indicia of actual innocence. For example, in Holmes, the defendant served two years pursuant to a conviction that was vacated when a judge determined the defendant had not received effective assistance of counsel. Thus, despite the reversal of his conviction, Holmes did not fulfil what can only be described as a judicially established defendant’s burden to establish his innocence of the underlying charge. Holmes, supra at 1012 n.3. To be sure, Holmes states that there may arise an “equally compelling circumstance” analogous to a determination of innocence that would meet the test of fairness. But ineffective assistance of counsel, notwithstanding its constitutional dimension,[3] is found not to meet this test.
I concur in the denial of credit in this case because knowledge of a previous legally unjustified confinement can be imputed to this defendant at the time when he again violated his probation. If the timing were otherwise, fairness would compel a contrary result.

The defendant’s petition for credit implicates, but does not explicitly invoke, the prohibition under the Fifth Amendment to the United States Constitution against deprivation of liberty without due process. See art. 12 of the Massachusetts Declaration of Rights.

I concur independently of this issue because I agree that “banking,” properly defined, provides a legitimate basis to deny credit here, as the defendant knew he had been released without a finding before he violated his probation on the failure to register charge.

See Sixth Amendment to the United States Constitution; art. 12 of the Massachusetts Declaration of Rights; and Strickland v. Washington, 466 U.S. 668, 686 (1984).