NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

14-P-923                                    Appeals Court

ANGEL SANTANA vs. COMMONWEALTH.

No. 14-P-923.

Essex.    September 2, 2015. - October 19, 2015.

Present: Berry, Grainger, & Sullivan, JJ.

Erroneous Conviction. Commonwealth, Claim against. Evidence,
     Constructive possession. Practice, Civil, Proceeding
     against Commonwealth, Judgment on the pleadings,
     Interlocutory appeal.

     Civil action commenced in the Superior Court Department on
January 19, 2012.

     The case was heard by Douglas H. Wilkins, J., on a motion
for judgment on the pleadings, and a motion for reconsideration
was considered by him.

     Jeffrey T. Collins, Assistant Attorney General, for the
Commonwealth.
     John J. Hightower for the plaintiff.

     SULLIVAN, J.  After a jury trial in Superior Court, Angel

Santana was convicted of trafficking cocaine in the amount of

fourteen to less than twenty-eight grams, in violation of G. L.

c. 94C, § 32E(b), and trafficking in cocaine within 1,000 feet

of a school zone, in violation of G. L. c. 94C, § 32J.  This court vacated the judgments, concluding that the evidence was insufficient to establish that Santana constructively possessed the cocaine.[1]  Santana subsequently filed a complaint pursuant to G. L. c. 258D, the erroneous conviction statute.  After discovery, the Commonwealth moved for judgment on the pleadings, contending that Santana failed to meet the threshold requirement of eligibility to pursue relief under the erroneous conviction statute.  In a comprehensive and well-reasoned memorandum, the motion judge denied the motion, concluding that the lack of evidence of constructive possession tended to establish actual innocence of the underlying crime, and that Santana was therefore eligible for relief under the statute.[2]  The Commonwealth appeals from the motion judge's order denying its motion for reconsideration under the doctrine of present execution.[3]  See Irwin v. Commonwealth, 465 Mass. 834, 835 (2013).  We affirm.

---

[1] See Commonwealth v. Santana, 77 Mass. App. Ct. 1118 (2010).

[2] Although the memorandum was issued without the benefit of Renaud v. Commonwealth, 471 Mass. 315 (2015), discussed infra, the reasoning of the motion judge closely followed that of Renaud.

[3] The notice of appeal mentions only the motion for reconsideration, and does not contain any language that the Commonwealth is appealing from the original order.  As a technical matter, the original order is not before us.  See

Discussion. The class of claimants eligible for relief under the erroneous conviction statute includes only those "who have been granted judicial relief by a state court of competent jurisdiction, on grounds which tend to establish the innocence of the individual." G. L. c. 258D, § 1(B)(ii), inserted by St. 2004, c. 444, § 1. If this threshold requirement is met, the claimant must then "establish at trial, by clear and convincing evidence, that he or she did not commit the offense charged." Renaud v. Commonwealth, 471 Mass. 315, 317-318 (2015) (holding that insufficient evidence alone may be a ground for a wrongful conviction complaint, when considered in the context of the nature of the offense and all the facts and circumstances). The Commonwealth contends that Santana failed to satisfy the threshold determination of eligibility because the ground on which he was granted judicial relief, insufficiency of the evidence, did not tend to establish his innocence. In Renaud, the court rejected a categorical approach to evaluating judicial relief based on insufficiency of the evidence. Id. at 319. The court held that insufficient evidence does not "necessarily

___

Mass.R.A.P. 3(c), as appearing in 430 Mass. 1602 (1999) ("The notice of appeal . . . shall, in civil cases, designate the judgment, decree, adjudication, order, or part thereof appealed from"). See also Blackburn v. Blackburn, 22 Mass. App. Ct. 633, 634-635 & n.2 (1986). As a practical matter, the issues raised on appeal are the same as those decided in both the order denying the motion for reconsideration and the original memorandum and order denying the motion for judgment on the pleadings.

equate to actual innocence," but by the same token, lack of certain types of evidence may tend to show actual innocence. Ibid. We therefore must follow a case-specific, fact-based approach to determine whether judicial relief based on insufficient evidence tends to establish actual innocence in any given case.

In Santana's direct appeal, this court concluded that the evidence was insufficient because the only evidence of constructive possession was that Santana was present as a passenger in a car where drugs were found. That is, there was insufficient evidence upon which an inference of knowledge, ability, and intent to control the drugs could be based. See Commonwealth v. Boria, 440 Mass. 416, 418-419 (2003) (mere presence alone is insufficient to establish constructive possession). The judgments therefore were reversed "on grounds resting upon facts and circumstances probative of the proposition that the claimant did not commit the crime." Renaud, supra at 318, quoting from Irwin, 465 Mass. at 844. For the purposes of the threshold showing required to defeat a motion to dismiss under G. L. c. 258D, § 1(B)(ii), the absence of evidence showing Santana intended to exercise dominion or control over the contraband is probative of and tends to show actual innocence. See Renaud, supra at 318.

While our conclusion permits Santana to pursue a claim under the statute, it is a question for another day whether Santana is in fact actually innocent of the crime charged. See id. at 320. "Our conclusion does not entitle [Santana] to relief. He is entitled to relief only if he proves at trial by clear and convincing evidence that he did not commit the offenses charged." Ibid.

Order denying motion for
reconsideration affirmed.

GRAINGER, J. (concurring).  I concur in the result reached by my colleagues because it comports with existing case law.  I write separately because in my view it is incorrect to assert that the lack of sufficient evidence to support a conviction can provide any probative basis for a defendant's "actual innocence."  Our jurisprudence has long recognized that the failure to prove a proposition provides no support for the opposite conclusion.  See, e.g., Commonwealth v. Swartz, 343 Mass. 709, 712 (1962) (jury's disbelief of defendant's testimony "could not provide affirmative evidence").[1]

We require an individual seeking money damages from the State to provide "clear and convincing" evidence at trial from which a fact finder can conclude that "he or she did not commit the offense charged."  Renaud v. Commonwealth, 471 Mass. 315, 317-318 (2015).  That is an appropriately rigorous requirement, especially considering the heightened burden we place on prosecutors.  In that context I perceive no rational basis to

---

[1] "It is settled that mere disbelief of testimony does not constitute evidence to the contrary.  A case lacking adequate affirmative proof is insufficient to support a verdict in favor of the party with the burden on the issue.  Wakefield v. American Sur. Co., 209 Mass. 173, 177 (1911).  McDonough v. Vozzela, 247 Mass. 552, 558 (1924).  Carmichael v. Carmichael, 324 Mass. 118, 121 (1949).  Sutherland v. Scardino, 334 Mass. 178, 181-183 (1956).  O'Connell v. Esso Standard Oil Co., 337 Mass. 639, 642 (1958).  Morse v. Selectmen of Ashland, 7 Mass. App. Ct. 739, 750 (1979).  See also Leach & Liacos, Massachusetts Evidence 314 (4th ed. 1967)."  Kunkel v. Alger, 10 Mass. App. Ct. 76, 86 (1980).

evaluate the sufficiency of a complaint on a separate and diluted standard, according to which merely pointing to insufficient evidence of guilt may satisfy the enunciated legislative test and "tend to establish the innocence of the individual."  G. L. c. 258D, § 1(B)(ii), inserted by St. 2004, c. 444, § 1.  To the extent there is any proper distinction to be drawn between a proffer needed for a complaint to survive a dispositive motion and the proof needed to prevail at trial, it should reflect no more than the low bar a plaintiff must surmount to survive summary judgment.  That bar, which is to show any "genuine issue as to any material fact," Mass.R.Civ.P. 56(c), as amended, 436 Mass. 1404 (2002), still requires some positive evidence, however minimal, supporting a complaint. Transforming a negative (insufficient proof of guilt) into a positive (evidence of innocence) makes neither procedural nor substantive sense.

By contrast, and improperly so, our case law currently requires proof of actual innocence at every stage of a proceeding brought by an unlawfully imprisoned individual seeking to redeem a fundamental constitutional right, his or her liberty.  See Commonwealth v. Holmes, 469 Mass. 1010 (2014).  In Holmes, a defendant seeking credit against a current incarceration after serving a previous sentence subsequently

vacated was denied credit on the rationale, among others,[2] that "we are not faced with circumstances where an earlier conviction has been vacated on the ground of actual innocence." Id. at 1012 n.3.

Comparing these two standards, our cases currently make it easier for an individual to proceed with a suit for money damages against the public treasury than to bring an action to be released from prison, or to seek the reduction of imprisonment to no more than the amount to which he or she has been lawfully sentenced. This anomaly, as well as the reasoning of each rule viewed independently, calls strongly for reassessment.

---

[2] While I need not reiterate here my other previously enumerated disagreements with Holmes, (see, e.g., Commonwealth v. Velez, 86 Mass. App. Ct. 727, 731 [concurrence]), the casual shift of the burden of proof to require a defendant seeking liberty to establish his or her innocence is, in my opinion, certainly among its most serious flaws.