Grainger, J.
(concurring). I concur in the result reached by my colleagues because it comports with existing case law. I write separately because in my view it is incorrect to assert that the lack of sufficient evidence to support a conviction can provide any probative basis for a defendant’s “actual innocence.” Our jurisprudence has long recognized that the failure to prove a proposition provides no support for the opposite conclusion. See, e.g., Commonwealth v. Swartz, 343 Mass. 709, 712 (1962) (jury’s disbelief of defendant’s testimony “could not provide affirmative *556 evidence”).[1]
We require an individual seeking money damages from the State to provide “clear and convincing” evidence at trial from which a fact finder can conclude that “he or she did not commit the offense charged.” Renaud v. Commonwealth, 471 Mass. 315, 317-318 (2015). That is an appropriately rigorous requirement, especially considering the heightened burden we place on prosecutors. In that context I perceive no rational basis to evaluate the sufficiency of a complaint on a separate and diluted standard, according to which merely pointing to insufficient evidence of guilt may satisfy the enunciated legislative test and “tend to establish the innocence of the individual.” G. L. c. 258D, § l(B)(ii), inserted by St. 2004, c. 444, § 1. To the extent there is any proper distinction to be drawn between a proffer needed for a complaint to survive a dispositive motion and the proof needed to prevail at trial, it should reflect no more than the low bar a plaintiff must surmount to survive summary judgment. That bar, which is to show any “genuine issue as to any material fact,” Mass.R.Civ.P. 56(c), as amended, 436 Mass. 1404 (2002), still requires some positive evidence, however minimal, supporting a complaint. Transforming a negative (insufficient proof of guilt) into a positive (evidence of innocence) makes neither procedural nor substantive sense.
By contrast, and improperly so, our case law currently requires proof of actual innocence at every stage of a proceeding brought by an unlawfully imprisoned individual seeking to redeem a fundamental constitutional right, his or her liberty. See Commonwealth v. Holmes, 469 Mass. 1010 (2014). In Holmes, a defendant seeking credit against a current incarceration after serving a previous sentence subsequently vacated was denied credit on the rationale, among others,[2] that “we are not faced with circum *557 stances where an earlier conviction has been vacated on the ground of actual innocence.” Id. at 1012 n.3.
Comparing these two standards, our cases currently make it easier for an individual to proceed with a suit for money damages against the public treasury than to bring an action to be released from prison, or to seek the reduction of imprisonment to no more than the amount to which he or she has been lawfully sentenced. This anomaly, as well as the reasoning of each rule viewed independently, calls strongly for reassessment.

 “It is settled that mere disbelief of testimony does not constitute evidence to the contrary. A case lacking adequate affirmative proof is insufficient to support a verdict in favor of the party with the burden on the issue. Wakefield v. American Sun Co., 209 Mass. 173, 177 (1911). McDonough v. Vozzela, 247 Mass. 552, 558 (1924). Carmichael v. Carmichael, 324 Mass. 118, 121 (1949). Sutherland v. Scardino, 334 Mass. 178, 181-183 (1956). O’Connell v. Esso Standard Oil Co., 337 Mass. 639, 642 (1958). Morse v. Selectmen of Ashland, 7 Mass. App. Ct. 739, 750 (1979). See also Leach & Liacos, Massachusetts Evidence 314 (4th ed. 1967).” Kunkel v. Alger, 10 Mass. App. Ct. 76, 86 (1980).

 While I need not reiterate here my other previously enumerated disagreements with Holmes (see, e.g., Commonwealth v. Velez, 86 Mass. App. Ct. 727, 731 [2014] [concurrence]), the casual shift of the burden of proof to require a defendant *557 seeking liberty to establish his or her innocence is, in my opinion, certainly among its most serious flaws.