NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-1991                                           Appeals Court


COMMONWEALTH  vs.  RUARK BOND.


No. 14-P-1991.       October 26, 2015.


Imprisonment, Credit for time served.  Practice, Criminal,
     Sentence, Conduct of government agents.


On May 28, 2013, the defendant pleaded guilty in Superior
Court to unlawful possession of a firearm (G. L. c. 269,
§ 10[a]), possession of ammunition without a firearm
identification card (G. L. c. 269, § 10[h]), possession of a
class A controlled substance with the intent to distribute
(G. L. c. 94C, § 32), and possession of a class B controlled
substance with the intent to distribute (G. L. c. 94C,
§ 32A[c]).  As part of the plea bargain, the Commonwealth agreed
to dismiss various additional charges.[1]  The defendant was
sentenced to concurrent four- to five-year prison terms on three
of the convictions, and a concurrent two-year term in the house
of correction on the remaining conviction.

Approximately one month before the defendant pleaded guilty
to these charges, he had filed in the Boston Municipal Court a
motion for new trial seeking to withdraw a previous guilty plea
(entered September 14, 2010) to possession with intent to

---

[1] The Commonwealth agreed to dismissals of a charge of
carrying a loaded firearm (G. L. c. 269, § 10[n]), of so much of
the charge of unlawful possession of a firearm as alleged the
defendant's having done so as an armed career criminal, and of
subsequent offender enhancements on the two drug charges.

distribute cocaine.[2]  The basis of that motion was that his 2010 plea was not voluntary because the Commonwealth in that case had been relying on a drug certificate signed by State chemist Annie Dookhan.  See Commonwealth v. Scott, 467 Mass. 336, 348, 352-353 (2014).  The Commonwealth eventually assented to that motion and -- with the defendant having completed his sentence on the cocaine charge -- agreed to file a nolle prosequi for that charge, which entered on April 22, 2014.

The defendant then filed a motion in Superior Court seeking jail time credit for the 341 days he had served on the (now vacated) 2010 conviction, to be applied against his sentences on the new convictions.[3]  Before us now is the defendant's appeal from the denial of that motion.

This case is governed by Commonwealth v. Holmes, 469 Mass. 1010 (2014).  In that case, the Supreme Judicial Court clarified that the reversal of a conviction does not entitle a defendant to credit for jail time served on that conviction against a sentence for a subsequent unrelated offense, even where the second offense was committed before the first conviction was reversed.  Id. at 1012-1013.  In Holmes, the court "le[ft] open the possibility of allowing [jail time] credit for time served on a completed sentence for an unrelated crime where there is actual innocence or some other equally compelling circumstance."  Id. at 1012 n.3.  The defendant argues that the Holmes rule should not apply here, not because he is actually innocent, but because the vacating of a conviction based on egregious misconduct by a State chemist presents a circumstance "equally compelling" to that of "actual innocence."

We are unpersuaded by the defendant's argument.  When making the 2010 plea, the defendant agreed that he indeed had possessed cocaine with the intent to distribute.  The egregiousness of Dookhan's laboratory practices raised sufficient questions about the voluntariness of the plea that the defendant was permitted to withdraw it.  See Commonwealth v.

---

[2] This motion was initially heard on the same day the defendant tendered his pleas to the new charges in Superior Court.

[3] The convictions for which the defendant is now serving his sentences are based on offenses that occurred on December 14, 2011.  Thus, the defendant perpetrated these new offenses after he had completed the committed portion of his sentence on the 2010 cocaine conviction.

Scott, supra.  However, the presumed government misconduct that warranted vacating the defendant's conviction does not come close to establishing that he was actually innocent of the cocaine charge.  Nor does it establish "equally compelling" arguments for credit against his sentences on the new unrelated convictions.  Indeed, the defendant's circumstances are no more compelling than those in Holmes itself, where the initial conviction was vacated for demonstrated constitutionally ineffective assistance of counsel.  See Commonwealth v. Holmes, supra at 1010-1011.

> Order denying motion seeking credit for time served on a vacated sentence to be applied to present sentence affirmed.

Craig D. Mulcahey for the defendant.
Vincent J. DeMore, Assistant District Attorney, for the Commonwealth.