The defendant, Preston Jackson, appeals from the denial of his motion for new trial, in which he sought to withdraw guilty pleas on nine counts of armed robbery, one count of armed assault with intent to commit robbery, and one count of attempt to commit a crime, all entered in 2010. We affirm.
A motion to withdraw a guilty plea, which is treated as a motion for new trial pursuant to Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001), may be allowed if "it appears that justice may not have been done." Commonwealth v. Scott, 467 Mass. 336, 344 (2014). We review the denial of a motion for new trial "only to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986). We discern no error of law or abuse of discretion in the present case.
There is no merit to the defendant's claim that he was deprived of effective assistance of counsel. The defendant bears the burden to show that the behavior of his counsel fell below that of an ordinary, fallible lawyer and that such failing "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). In his comprehensive memorandum of decision denying the defendant's motion for a new trial, the motion judge (who was also the plea judge) concluded that the defendant's allegations that counsel rejected a more favorable initial plea bargain and incorrectly calculated the sentence based on an underlying sentence were wholly unsupported. We agree.
The defendant's contention that counsel "reject[ed] ... the initial plea bargain of 13-15 years" is entirely speculative, and unsubstantiated by any evidence aside from his own affidavit (which the motion judge did not credit, as was his prerogative). Likewise, the defendant's claims of error based on his absence from a 2009 lobby conference in which the participants incorrectly considered sentences from certain 1992 convictions as a basis for the 2010 sentence recommendation also fail. The defendant was sentenced in 2010 for crimes committed during an armed robbery spree in December, 2008, and January, 2009, not for sentences served previously on his 1992 convictions. In any event, though it may be a better practice, the defendant's presence is not required during a lobby conference. See Commonwealth v. Fanelli, 412 Mass. 497, 501 (1992).
The defendant's assertion that he did not have a full understanding of the charges to which he was pleading is also unavailing. For the first time on appeal, the defendant argues that the facts recited by the prosecutor at the plea colloquy failed to establish the element of intent necessary to support his convictions of armed assault with intent to commit robbery and attempt to commit a crime, and did not establish the elements of armed robbery. Because the defendant raises this claim for the first time on appeal, it is waived.
Even if not waived, the judge did not err in rejecting the defendant's assertions. The defendant's plea counsel advised him of all of the elements of each crime charged and, during the colloquy, the plea judge recited each indictment and asked the defendant whether his attorney had explained the crime to him, which the defendant said she had. Counsel for the defendant also attested that she had explained to the defendant each of the elements of each of the charges brought against the defendant. This evidence, which the motion judge was entitled to credit, establishes that the defendant had a full understanding of the charges and the elements of the offenses to which he was pleading guilty.[2]
Lastly, the defendant contends that he is entitled to receive credit for time he served on a previous indictment from 1992 that was vacated. The defendant's argument is flawed. Even if the defendant's conviction on the prior indictment had been vacated altogether, he served the entirety of the sentences for the remaining charges and committed the instant offenses following his release. Credit for time served on a vacated conviction cannot be applied against time to be served on a new sentence where there is "no substantive or temporal connection between the earlier sentence and the new sentence." Commonwealth v. Holmes, 469 Mass. 1010, 1012 (2014).
Order denying motion for new trial affirmed.

To the extent that the defendant argues that the prosecutor violated the terms of the plea agreement with the recitation of the facts, we discern nothing in the argument that requires discussion. See Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).