This is an appeal by the defendant, Preston O. Jackson, from his November 2, 2017, resentencing after his plea of guilty in the Superior Court to a charge of armed robbery (indictment 99113). He pleaded guilty to this and nine other charges on May 14, 1992.[1] He was sentenced forthwith to concurrent terms of not less than twenty nor more than twenty-eight years in State prison on the armed robbery indictments and a concurrent term of not less than eighteen nor more than twenty years in State prison on an armed assault with intent to rob indictment.[2] On May 14, 2013, in an unpublished opinion under our rule 1:28, we vacated so much of the order by a Superior Court judge on the defendant's third motion for a new trial as denied his motion to withdraw his guilty plea to that portion of indictment 99113 which charged "being armed with a dangerous weapon," and directed that a new order should enter that the defendant was guilty of so much of the indictment as charged the lesser included offense of unarmed robbery, and remanded the case to the Superior Court for resentencing. "In all other respects," however, we affirmed the order denying the defendant's third motion for a new trial. See Commonwealth v. Jackson, 83 Mass. App. Ct. 1130 (2013). As a result, on November 2, 2017, the defendant was resentenced by the Superior Court on indictment 99113, now charging unarmed robbery, to a term of not less than twenty nor more than twenty-eight years in State prison, said sentence to be served concurrently with the 1992 sentence imposed on indictment 99105 (armed robbery), and said sentence was "deemed served." In effect, the judge imposed the same sentence as had been imposed when the defendant pleaded guilty in 1992 and ordered that the record reflect that the sentence had been served.
The defendant's first argument on appeal is a restatement of an argument previously rejected by the Superior Court and by a panel of this court. See note 2, supra. Namely, the defendant claims that he is entitled to credit for the years he served on indictment 99113 prior to his resentencing on that indictment. Under the doctrine of direct estoppel, the defendant is not entitled to judicial review of this claim. See Commonwealth v. Rodriguez, 443 Mass. 707, 710 (2005). Alternatively, we agree with the Commonwealth that the defendant's argument is contrary to the policy against "banking time" as explained in Commonwealth v. Holmes, 469 Mass. 1010, 1012 (2014).
The defendant's second argument is similarly unavailing. The defendant was not placed in jeopardy a second time in violation of both common law and constitutional principles when he was resentenced on indictment 99113. The resentencing occurred because the defendant sought and obtained a favorable ruling in his third motion for a new trial, and it did not result in the imposition of any additional punishment as the sentence that was imposed was deemed served. See Commonwealth v. Scott, 86 Mass. App. Ct. 812, 815-816 (2015), and cases cited.
To the extent that the defendant raises other issues here, we have considered them and find them to be without merit.
Resentencing judgment on indictment 99113 affirmed.

At the time of his plea, the defendant was on parole in cases arising from his 1987 pleas of guilty to numerous indictments charging him with armed robbery and armed assault with the intent to rob, and was on probation in a separate case involving another armed robbery.

The defendant also pleaded guilty in January, 2010, to ten other armed robbery charges committed in 2008 and 2009 following his release from incarceration on the sentences imposed in 1992. The defendant was sentenced to concurrent terms of not less than thirteen years nor more than eighteen years in State prison. The defendant unsuccessfully challenged those pleas and sentences in 2015 by filing a motion to vacate his 2010 pleas of guilty based in part on our decision to vacate a portion of the judgment on indictment 99113. After relief was denied by a judge in the Superior Court, the defendant appealed and sought relief here. In an unpublished decision, a panel of this court affirmed the order denying the defendant's motion to vacate his 2010 guilty pleas, noting, in part, that the defendant was not entitled to any credit for the time he served on indictment 99113 against the sentences imposed in 2010. See Commonwealth v. Jackson, 92 Mass. App. Ct. 1115 (2017).