NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11762

RONALD RENAUD vs. COMMONWEALTH.

Suffolk.     March 3, 2015. - April 17, 2015.

Present: Gants, C.J., Spina, Cordy, Botsford, Duffly, Lenk,
& Hines, JJ.


Erroneous Conviction. Practice, Civil, Motion to dismiss.
     Evidence, Identity.


     Civil action commenced in the Superior Court Department on
May 16, 2013.

     A motion to dismiss was heard by Thomas A. Connors, J.

     The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


     Jeffrey T. Collins, Assistant Attorney General, for the
Commonwealth.
     Timothy St. Lawrence for the defendant.
     Stephanie Roberts Hartung & Drew Glassroth, for New England
Innocence Project & another, amici curiae, submitted a brief.


     HINES, J.  After a jury-waived trial in the District Court,

a judge found the plaintiff, Ronald Renaud, guilty of malicious

destruction of property, breaking and entering in the daytime,

and larceny over $250.  On appeal, the Appeals Court overturned Renaud's convictions, concluding that the evidence was insufficient to support them.[1]  See Commonwealth v. Renaud, 81 Mass. App. Ct. 261, 263, 265 (2012).  Renaud thereafter filed a complaint in the Superior Court under G. L. c. 258D, the erroneous convictions statute, seeking compensation for his erroneous convictions.  The Commonwealth moved to dismiss the complaint, which a judge denied,[2] and the Commonwealth appealed.  See Irwin v. Commonwealth, 465 Mass. 834, 835 (2013) ("Because the erroneous convictions statute provides only a limited waiver on the Commonwealth's sovereign immunity, we conclude that the doctrine of present execution applies to claims brought under that statute, and thus that interlocutory appeal is appropriate").  We transferred the case here on our own initiative to determine whether, under G. L. c. 258D, § 1 (B), the reversal of Renaud's convictions due to insufficient evidence amounts to "grounds which tend to establish" his innocence, thus rendering him eligible to obtain relief under

---

[1] The plaintiff had served more than 490 days in a house of correction for the sentence he received on these convictions.

[2] In his denial of the Commonwealth's motion, the Superior Court judge inadvertently labeled his decision as one in response to the Commonwealth's motion for a judgment on the pleadings.

the statute.  We conclude that it does.  We therefore affirm the denial of the motion to dismiss.

Background and prior proceedings.[3]  The relevant facts, as introduced by the Commonwealth before it closed its case, are that a break-in occurred in a Falmouth home.  Renaud, 81 Mass. App. Ct. at 262.  Four television sets, a digital video disc player, and items of sports memorabilia were missing.  Id.  No one was seen perpetrating the break-in or stealing the property from the home.  Id.  While examining the living room after being called to the scene, a police officer recovered from the floor an electronic bank transfer (EBT) card bearing the name of the plaintiff.  Id.  The EBT card had been cut into three separate pieces and was taped together.  Id.  The owner of the home and the residents thereof did not recognize the plaintiff's name. Id.  The police officer, however, did recognize the name and was aware that the plaintiff recently had resided in Falmouth.  Id. at 263.

The next day, a detective telephoned the plaintiff's cellular telephone and recognized his voice.  Id.  The detective informed the plaintiff that someone had found his EBT card on the side of the road.  Id.  The plaintiff stated that he did not

---

[3] The background is derived from the facts set forth in the Appeals Court's decision.  See Irwin v. Commonwealth, 465 Mass. 834, 835 (2013).

know that his card was missing and that he would have to go home and "check because he had not really looked for it." Id. The detective informed the plaintiff that if he wanted to pick up the card, he would have to come to the police station. Id. The plaintiff did not do so. Id.

The Appeals Court reversed the plaintiff's convictions, set aside the verdicts, and entered judgments in favor of the plaintiff because it determined that the Commonwealth's evidence was insufficient to prove that the plaintiff was the person who had committed the charged crimes. Id. at 263, 265. The Appeals Court noted that "[t]he convictions here were based almost entirely on the fact that an EBT card bearing [the plaintiff's name] was found on the floor of the living room of the burglarized house." Id. at 263. Although the Appeals Court determined that, because the EBT card bore the plaintiff's name, that it could reasonably be inferred that he was at one point in possession of it, the court concluded that "the Commonwealth has presented no evidence that [the plaintiff] possessed, and subsequently dropped, his EBT card during the crime[s]." Id. at 264. The Appeals Court went on to state that "the fact that the card was found taped together in three pieces evidences that it had been discarded by its owner on some prior occasion." Id. In sum, the Appeals Court reasoned, "ownership of an EBT card cannot allow a fact finder to conclude beyond a reasonable doubt

that the owner of the card was in possession of it during the commission of a crime." Id. Concerning the Commonwealth's arguments regarding the facts that the plaintiff lived in the same town where the crimes were committed and was known to police, the Appeals Court concluded that those facts only showed that the plaintiff may have had the ability to commit the crimes, but were not proof that he did in fact commit them. Id. The Appeals Court did not find significant the fact that the plaintiff did not retrieve his EBT card from police where he had not been ordered to do so. Id., citing Commonwealth v. Stuckich, 450 Mass. 449, 453 (2008) (where detective did not order defendant to do anything, consciousness of guilt instruction not warranted where detective told defendant about criminal charges against him, asked him to call back later, and he did not call back).

Statutory overview. The erroneous convictions statute was enacted to ensure that "those erroneously convicted but factually innocent be afforded equal opportunities to obtain compensation." Irwin, 465 Mass. at 847. Notably, the statute "waives sovereign immunity 'for an erroneous felony conviction," G. L. c. 258D, § 1 (A), then establishes the class of claimants 'eligible to obtain relief.' [Id. at § 1 (B)]." Irwin, supra at 841-842.

In order to be entitled to compensation under the statute, the "threshold matter of eligibility as a member of the class of claimants eligible to pursue relief" must be decided.  Id. at 842.  Then, a claimant must establish at trial, by clear and convincing evidence, that he or she did not commit the offense charged.  Id. at 839.

As relevant here, concerning eligibility, G. L. c. 258D, § 1 (B) (ii), provides:

> "The class of persons eligible to obtain relief under this chapter shall be limited to the following:  . . . those who have been granted judicial relief by a state court of competent jurisdiction, on grounds which tend to establish the innocence of the individual as set forth in clause (vi) of subsection (C),[4] and if (a) the judicial relief vacates or reverses the judgment of a felony conviction, and the felony indictment or complaint used to charge the individual with such felony has been dismissed . . . and (b) at the time of the filing of an action under this chapter no criminal proceeding is pending or can be brought against the individual by a district attorney or the attorney general for any act associated with such felony conviction."

"We have interpreted the word 'grounds' in that statute as meaning 'basis.'"  Irwin, 465 Mass. at 843.  We concluded that "the requirement that judicial relief must have been granted on 'grounds which tend to establish the innocence' of a claimant

---

[4] General Laws c. 258D, § 1 (C) (vi), provides that a claimant must establish that he or she "did not commit the crimes or crime charged in the indictment or complaint or any other felony arising out of or reasonably connected to the facts supporting the indictment or complaint, or any lesser included felony."

does not limit the threshold question of eligibility for relief 'to individuals whose convictions were vacated or reversed strictly on the basis "of compelling or overwhelming exculpatory evidence," that is, on the grounds that they were actually innocent.'" Id. at 844, quoting Guzman v. Commonwealth, 458 Mass. 354, 359 (2010). "Rather, 'grounds which tend to establish' a plaintiff's innocence require that a conviction be overturned 'on grounds resting upon facts and circumstances probative of the proposition that the claimant did not commit the crime.'" Irwin, supra, quoting Guzman, supra. Last, "[w]e have cautioned, however, that such grounds must 'tend[] to do more than merely assist the defendant's chances of acquittal.'" Irwin, supra, quoting Guzman, supra at 360.

Discussion. The Commonwealth argues that it was entitled to have the plaintiff's complaint dismissed because the plaintiff did not meet his threshold burden of proving eligibility, specifically, that his convictions were overturned "on grounds which tend to establish [his] innocence" under G. L. c. 258D, § 1 (B) (ii). The Commonwealth advances separate arguments in support of its position.

The Commonwealth first argues that the only claimants eligible under the statute are those who are "in fact, innocent." As previously indicated supra, we have expressly rejected this interpretation. See Irwin, 465 Mass. at 844.

Although § 1 (B) (ii) references § 1 (C) (vi), the eligibility requirement is "separate and distinct from the merits of the claim of relief that a claimant must establish at trial," namely that he or she did not commit the charged offense. Irwin, supra at 839, 842. The Commonwealth improperly conflates the two stages set forth in the statute.

Next, the Commonwealth contends that, although the Appeals Court's grounds for reversal concerned the Commonwealth's ability to prove the plaintiff's guilt beyond a reasonable doubt, the grounds did not tend to establish his actual innocence. The Commonwealth asserts that, "categorically," insufficient evidence of guilt does not necessarily equate to actual innocence.[5] We do not disagree with this broad statement. However, contrary to the Commonwealth's contention, there is no need for us to make any "categorical" pronouncement. Rather, the unique facts of this case inform our decision. Here, the

_____

[5] Our cases addressing the erroneous convictions statute have not addressed this issue. Our decision in Irwin, 465 Mass. at 835, 855, involved the erroneous admission of evidence of the plaintiff's prearrest silence as purportedly probative of his innocence. In Guzman v. Commonwealth, 458 Mass. 354, 359-360, 363-365 (2010), the underlying convictions were overturned based on new evidence of exculpatory testimony from two witnesses whom defense counsel failed to call to testify at trial. In Drumgold v. Commonwealth, 458 Mass. 367, 376-377 (2010), we were faced with a new trial that had been granted based on newly discovered evidence that would have challenged the credibility of a key prosecution witness and the nondisclosure of exculpatory evidence relating to the credibility of another prosecution witness.

Commonwealth's "insufficient evidence" pertained to the identity of the defendant. As such, we conclude that the Commonwealth's inability to establish, viewed in a light most favorable to it, that the plaintiff was the person who committed the crimes, is entirely "probative of the proposition that [the plaintiff] did not commit the crime[s]." See Guzman, 458 Mass. at 362. This case is not one where there exists other evidence offered by the Commonwealth implicating the plaintiff in the charged crimes.[6] Cf. Irwin, 465 Mass. at 855 (noting that "exclusion of the nonprobative and irrelevant evidence would have had no bearing on the weight of the remaining evidence"). We add that the grounds on which the plaintiff sought relief "do more than merely assist [his] chances of acquittal," Guzman, supra at 360; the grounds required his actual acquittal. In the circumstances of this case, a reversal of the plaintiff's convictions based on the absence of evidence that he was the person who committed the crimes is probative of innocence and the plaintiff has satisfied his threshold burden of establishing eligibility under the statute. Our conclusion does not entitle the plaintiff to relief. He is entitled to relief only if he proves at trial by

---

[6] We agree with the reasoning of the Appeals Court concerning the significance, or lack thereof, of the facts at trial pertaining to the defendant residing in the area where the crimes were committed, being known to police, and not retrieving his electronic bank transfer card from police. See Commonwealth v. Renaud, 81 Mass. App. Ct. 261, 264-265 (2012).

clear and convincing evidence that he did not commit the offenses charged.

<u>Order denying motion to dismiss affirmed</u>.
