Sullivan, J.
After a jury trial in Superior Court, Angel Santana was convicted of trafficking cocaine in the amount of fourteen to less than twenty-eight grams, in violation of G. L. c. 94C, § 32E(¿>), and trafficking in cocaine within 1,000 feet of a school zone, in violation of G. L. c. 94C, § 32J. This court vacated the judgments, concluding that the evidence was insufficient to establish that Santana constructively possessed the cocaine.[1] Santana subsequently filed a complaint pursuant to G. L. c. 258D, the erroneous conviction statute. After discovery, the Common *554 wealth moved for judgment on the pleadings, contending that Santana failed to meet the threshold requirement of eligibility to pursue relief under the erroneous conviction statute. In a comprehensive and well-reasoned memorandum, the motion judge denied the motion, concluding that the lack of evidence of constructive possession tended to establish actual innocence of the underlying crime, and that Santana was therefore eligible for relief under the statute.[2] The Commonwealth appeals from the motion judge’s order denying its motion for reconsideration under the doctrine of present execution.[3] See Irwin v. Commonwealth, 465 Mass. 834, 835 (2013). We affirm.
Discussion. The class of claimants eligible for relief under the erroneous conviction statute includes only those “who have been granted judicial relief by a state court of competent jurisdiction, on grounds which tend to establish the innocence of the individual.” G. L. c. 258D, § l(B)(ii), inserted by St. 2004, c. 444, § 1. If this threshold requirement is met, the claimant must then “establish at trial, by clear and convincing evidence, that he or she did not commit the offense charged.” Renaud v. Commonwealth, 471 Mass. 315, 317-318 (2015) (holding that insufficient evidence alone may be a ground for a wrongful conviction complaint, when considered in the context of the nature of the offense and all the facts and circumstances). The Commonwealth contends that Santana failed to satisfy the threshold determination of eligibility because the ground on which he was granted judicial relief, insufficiency of the evidence, did not tend to establish his innocence. In Renaud, the court rejected a categorical approach to evaluating judicial relief based on insufficiency of the evidence. Id. at 319. The court held that insufficient evidence does not “necessarily equate to actual innocence,” but by the same token, *555 lack of certain types of evidence may tend to show actual innocence. Ibid. We therefore must follow a case-specific, fact-based approach to determine whether judicial relief based on insufficient evidence tends to establish actual innocence in any given case.
In Santana’s direct appeal, this court concluded that the evidence was insufficient because the only evidence of constructive possession was that Santana was present as a passenger in a car where drugs were found. That is, there was insufficient evidence upon which an inference of knowledge, ability, and intent to control the drugs could be based. See Commonwealth v. Boria, 440 Mass. 416, 418-419 (2003) (mere presence alone is insufficient to establish constructive possession). The judgments therefore were reversed “on grounds resting upon facts and circumstances probative of the proposition that the claimant did not commit the crime.” Renaud, supra at 318, quoting from Irwin, 465 Mass. at 844. For the purposes of the threshold showing required to defeat a motion to dismiss under G. L. c. 258D, § l(B)(ii), the absence of evidence showing Santana intended to exercise dominion or control over the contraband is probative of and tends to show actual innocence. See Renaud, supra at 318.
While our conclusion permits Santana to pursue a claim under the statute, it is a question for another day whether Santana is in fact actually innocent of the crime charged. See id. at 320. “Our conclusion does not entitle [Santana] to relief. He is entitled to relief only if he proves at trial by clear and convincing evidence that he did not commit the offenses charged.” Ibid.

Order denying motion for reconsideration affirmed.

 See Commonwealth v. Santana, 77 Mass. App. Ct. 1118 (2010).

 Although the memorandum was issued without the benefit of Renaud v. Commonwealth, 471 Mass. 315 (2015), discussed infra, the reasoning of the motion judge closely followed that of Renaud.

 The notice of appeal mentions only the motion for reconsideration, and does not contain any language that the Commonwealth is appealing from the original order. As a technical matter, the original order is not before us. See Mass.R.A.P. 3(c), as appearing in 430 Mass. 1602 (1999) (“The notice of appeal . . . shall, in civil cases, designate the judgment, decree, adjudication, order, or part thereof appealed from”). See also Blackburn v. Blackburn, 22 Mass. App. Ct. 633, 634-635 & n.2 (1986). As a practical matter, the issues raised on appeal are the same as those decided in both the order denying the motion for reconsideration and the original memorandum and order denying the motion for judgment on the pleadings.