NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

15-P-275                                          Appeals Court

        TEMISTOCLES OMAR SANTANA  vs.  COMMONWEALTH.

                      No. 15-P-275.

      Essex.     January 8, 2016. - September 30, 2016.

           Present:  Trainor, Agnes, & Massing, JJ.


Erroneous Conviction.  Commonwealth, Claim against.  Practice,
    Civil, Proceeding against Commonwealth, Summary judgment,
    Instructions to jury.  Rape.



    Civil action commenced in the Superior Court Department on
January 18, 2012.

    The case was heard by Richard E. Welch, III, J., on motions
for summary judgment.


    William S. Smith (Jennifer H. O'Brien with him) for the
plaintiff.
    Jennifer H. Flynn, Assistant Attorney General, for the
Commonwealth.


    AGNES, J.  The question before us is whether the plaintiff,

Temistocles Omar Santana, is eligible to bring a claim for

relief under the erroneous conviction statute, G. L. c. 258D,

because his conviction was reversed due to the effect of an

improper jury instruction.[1]  The plaintiff contends that he is eligible to bring such a claim because he was granted judicial relief "on grounds which tend to establish the [plaintiff's] innocence."  G. L. c. 258D, § 1(B)(ii).  We disagree, and affirm the judgment that entered on the parties' on cross motions for summary judgment.

Background.  In 2009, the plaintiff and another (the codefendant) were each indicted as youthful offenders on three indictments charging aggravated rape by joint venture and one indictment of assault with intent to commit rape.[2]  The cases were tried together.  The trial judge instructed the jury on the lesser included offenses of rape on each of the three charges of aggravated rape.  The jury returned a single verdict of guilty of rape against the plaintiff on the count charging him as a joint venturer in which it was alleged that the crime was

---

[1] In their consolidated direct appeals from the judgments of conviction, the codefendant's conviction was affirmed and the plaintiff's conviction was reversed in a memorandum and order pursuant to our rule 1:28.  See Commonwealth v. Phineas P., 79 Mass. App. Ct. 1109 (2011).  Phineas P. is a pseudonym that refers to the plaintiff in this case.

[2] The charges arose out of a sexual encounter between the juveniles and a sixteen year old girl at the apartment of a mutual friend.  At trial, both the plaintiff and the codefendant admitted they had engaged in sexual activity with the victim, but contended that she had given her consent.  The codefendant's conviction of the lesser included offense of rape was affirmed. Commonwealth v. Phineas P., supra.

committed by means of the codefendant's penis.[3]  The plaintiff

was acquitted on all other charges.  The plaintiff was sentenced

to a term of four to six years in State prison.  The plaintiff

was released from prison in April, 2011, as the result of a

decision by a panel of this court which determined that the

judge should not have instructed the jury on the lesser included

offense of rape, and that "no rational view of the evidence"

supported the jury's verdict that the plaintiff was guilty of

rape, but not aggravated rape.[4]

---

[3] A review of the record from the plaintiff's appeal of his criminal conviction established that the indictments for aggravated rape against the plaintiff alleged the following: the plaintiff, youthful offender, (1) "did have sexual intercourse with [the victim], to wit [the codefendant's] penis inside her genital opening, and did compel [her] to submit by force and against her will, and such sexual intercourse was committed by a joint venture enterprise;" (2) "did have unnatural sexual intercourse with [the victim], to wit: his fingers inside her genital opening, and did compel [her] to submit by force and against her will, and such sexual intercourse was committed by a joint venture enterprise;" (3) "did have sexual intercourse with [the victim], to wit his penis inside her genital opening, and did compel [her] to submit by force against her will, and such sexual intercourse was committed by a joint venture enterprise."

[4] After noting that the evidence warranted a lesser included offense instruction against the codefendant and that the codefendant's conviction of rape was supported by evidence that he had engaged in penile/vaginal intercourse with the victim, the court explained the same result could not be reached in the plaintiff's case because the indictment on which he was convicted was the one in which the rape was alleged to have been committed by means of the codefendant's penis.  "The Commonwealth's evidence with respect to this charge was that [the plaintiff] sat on the victim's chest as [the codefendant] had sexual intercourse with her.  Although these facts, if believed, would support a finding that [the plaintiff] was

Discussion.  The erroneous conviction statute, G. L. c. 258D, §§ 1-9, represents a limited waiver of the Commonwealth's sovereign immunity so as to permit eligible persons who were wrongfully convicted and imprisoned to file a civil action in the Superior Court and to pursue remedies including recovery of up to $500,000 in damages.  See Guzman v. Commonwealth, 458 Mass. 354, 355-356 (2010) (Guzman II).  In the present case, the parties agree that whether the plaintiff is eligible for relief under § 1(B) of the statute depends on whether his conviction was reversed "on grounds which tend to establish [his] innocence."  G. L. c. 258D, § 1(B)(ii).  "[T]he eligibility requirement is 'separate and distinct from the merits of the claim of relief that a claimant must establish at trial,' namely that he or she did not commit the charged offense."  Renaud v. Commonwealth, 471 Mass. 315, 319 (2015), quoting from Irwin v. Commonwealth, 465 Mass. 834, 839, 842 (2013).  See also Guzman II, supra at 360-361 ("we do not discern a legislative intent that the determination of eligibility be tantamount to a testing of the merits of a claimant's case").

---

guilty of aggravated rape as a joint venturer [on the indictment], it provided no hypothetical basis for the jury to believe he was guilty of the lesser included offense of rape [on that indictment]."  (Footnote omitted.)  Commonwealth v. Phineas P., supra.

The eligibility requirement does not mean that the person seeking relief must establish that his conviction was reversed "on the basis 'of compelling or overwhelming exculpatory evidence,' that is, on the grounds that they were actually innocent." Guzman II, supra at 359, quoting from Guzman v. Commonwealth, 74 Mass. App. Ct. 466, 477 (2009) (Guzman I). However, the eligibility requirement does mean that the conviction was reversed "upon facts and circumstances probative of the proposition that the claimant did not commit the crime." Guzman I, supra.

Summary judgment is appropriate only where no material facts are in dispute. Massachusetts Hosp. Assn., Inc. v. Department of Pub. Welfare, 419 Mass. 644, 649 (1995). "On appellate review of a judge's decision on cross motions for summary judgment, we view the record in the light most favorable to the party against whom the judge allowed summary judgment, here the plaintiff[]." Marhefka v. Zoning Bd. of Appeals of Salem, 79 Mass. App. Ct. 515, 516 (2011), citing Albahari v. Zoning Bd. of Appeals of Brewster, 76 Mass. App. Ct. 245, 248 & n.4 (2010). We review de novo the Superior Court judge's rulings on the parties' cross motions for summary judgment. Miller v. Cotter, 448 Mass. 671, 676 (2007).

In Guzman II, supra, the Supreme Judicial Court supplied an illustrative list of cases in which reversals or orders granting

a motion for a new trial would not satisfy the eligibility threshold established by G. L. c. 258D.  Id. at 358 n.6.[5]  While we have "rejected a categorical approach," Santana v. Commonwealth, 88 Mass. App. Ct. 553, 554 (2015), in determining whether the grounds for judicial relief "tend to establish innocence," a person seeking relief under G. L. c. 258D does not satisfy the eligibility threshold established by G. L. c. 258D, § 1(B)(ii), merely by establishing that the basis upon which his conviction was reversed was "'consistent' with innocence without any tendency to establish it."  Guzman II, supra at 358 (emphasis in original).

On the plaintiff's direct appeal from his conviction, the panel explained that on the indictment charging the codefendant with aggravated rape by joint venture in which the Commonwealth's theory was that there was penile penetration of the victim by the codefendant while the plaintiff sat on her chest, the evidence against the codefendant warranted a lesser included offense instruction and supported the codefendant's conviction of rape.  This is because the jury could have concluded that the codefendant engaged in sexual intercourse with the victim by force and without her consent, but rejected

---

[5] One of the cases included in that list was Commonwealth v. Vizcarrondo, 427 Mass. 392 (1998), where a new trial was granted due to incorrect jury instructions.

the evidence that the plaintiff participated in the act as a joint venturer. There was, therefore, nothing inconsistent about a verdict of not guilty of the greater offense, but guilty of the lesser offense with regard to the codefendant. However, the same could not be said of the plaintiff; that is, on the corresponding indictment charging the plaintiff with aggravated rape by joint venture, a verdict of not guilty on the greater offense of aggravated rape would not permit a jury to find the plaintiff guilty of the lesser included offense of rape based on the evidence offered in support of that indictment. Commonwealth v. Phineas P., supra.

What is not resolved by our earlier panel decision reversing the plaintiff's conviction, however, is whether the jury found the plaintiff not guilty of the greater offense based on a compromise verdict[6] or whether the jury reached that result

---

[6] In Simmons v. Fish, 210 Mass. 563 (1912), the Supreme Judicial Court described a compromise verdict as follows: "A verdict which is the result of real harmony of thought growing out of open-minded discussion between jurors with a willingness to be convinced, with a proper regard for opinions of others and with a reasonable distrust of individual views not shared by their fellows and of fair yielding of one reason to a stronger one, each having in mind the great desirability of unanimity both for the parties and for the public, is not open to criticism. But a verdict which is reached only by the surrender of conscientious convictions upon one material issue by some jurors in return for a relinquishment by others of their like settled opinion upon another issue and the result is one which does not command the approval of the whole panel, is a compromise verdict founded upon conduct subversive of the soundness of trial by jury." Id. at 571.

because it concluded that the Commonwealth had not proved its case. In short, in reversing the plaintiff's conviction of rape, this court concluded that the trial judge had improperly instructed the jury on a lesser included offense option with the result that the jury's verdict of guilty of the lesser included offense was not only unsupported by the evidence, but it rendered ambiguous the jury's decision to find the defendant not guilty of the greater offense.[7] Thus, while it is true that principles of double jeopardy preclude any further prosecution of the plaintiff on the earlier indictment, see Adams v. Commonwealth, 415 Mass. 360, 362 (1993), his conviction was not reversed for reasons that tend to establish his innocence. See Commonwealth v. Roth, 437 Mass. 777, 777 (2002) (although judge erred in taking partial verdict on offense as charged after jury reported it was deadlocked because any such verdict may not be a "reliable" indicator of whether the defendant is guilty or not

---

[7] This case is readily distinguishable from Guzman II, supra, in which the error was the trial court's omission of exculpatory evidence, and Commonwealth v. Drumgold, 458 Mass. 367 (2010), in which a new trial was granted based on recantation of several Commonwealth witnesses and one witness's undisclosed medical condition impacting her ability to identify the defendant. Id. at 371-375. In both of those cases, which led to the plaintiffs being eligible to seek relief under c. 258D, "the fact finder was forestalled from making a fully informed decision as to the defendant's guilt or innocence" because of the omission of evidence probative of the defendant's innocence. Id. at 378, citing Guzman II, supra at 362.

guilty of the crime as charged, the defendant may not be retried on any such charge based on principles of double jeopardy).

Judgment affirmed.

TRAINOR, J., concurring.  I write separately from the

majority in order to emphasize and elaborate on the central

legal question in this case.  I believe that Santana has not

shown that he has "been granted judicial relief by a [S]tate

court of competent jurisdiction, on grounds which tend to

establish the innocence of the individual."  G. L. c. 258D,

§ 1(B)(ii), inserted by St. 2004, c. 444, § 1.

Santana was convicted of rape as a lesser included offense

of an aggravated rape count.  See Commonwealth v. Phineas P., 79

Mass. App. Ct. 1109 (2011) (Phineas P.) (The plaintiff and the

codefendant were both convicted of penile/vaginal rape with the

codefendant's penis).  The dissent contends that "a panel of

this court reversed Santana's conviction on grounds that tend to

establish Santana's innocence within the meaning of G. L.

c. 258D."  However, this analysis misinterprets the statute's

requirements of "grounds which tend to establish innocence."

"[T]ends to establish innocence," G. L. c. 258D, is

properly understood to mean judicial relief on "grounds

[resting] on facts and circumstances probative of the

proposition that the claimant did not commit the crime[]

charged."  Guzman v. Commonwealth, 458 Mass. 354, 365 (2010)

(Guzman II) (emphasis added).  "[T]he eligibility requirement is

'separate and distinct from the merits of the claim of relief

that a claimant must establish at trial,' namely that he or she

did not commit the charged offense." Renaud v. Commonwealth, 471 Mass. 315, 319 (2015), quoting from Irwin v. Commonwealth, 465 Mass. 834, 839, 842 (2013).

At the summary judgment phase,[1] the court does not determine Santana's actual innocence to determine his eligibility under G. L. c. 258D. The court must only determine if the grounds for relief in the underlying case were for "grounds which tend to establish the innocence of the individual." G. L. c. 258D, § 1(B)(ii). The statute defines "innocence" as the individual "did not commit the crimes or crime charged in the indictment or complaint or any other felony arising out of or reasonably connected to the facts supporting the indictment or complaint, or any lesser included felony." G. L. c. 258D, § 1(C)(vi) (emphasis added).

As the Supreme Judicial Court noted in Guzman II, "it is possible to envision many potential claimants whose convictions are reversed because of procedural or evidentiary errors or structural deficiencies at their trials that could well be

---

[1] Summary judgment is appropriate when there are no material facts are in dispute. Massachusetts Hosp. Assn., Inc. v. Department of Pub. Welfare, 419 Mass. 644, 649 (1995). "On appellate review of a judge's decision on cross motions for summary judgment, we view the record in the light most favorable to the party against whom the judge allowed summary judgment, here the plaintiff[]." Marhefka v. Zoning Bd. of Appeals of Salem, 79 Mass. App. Ct. 515, 516 (2011), citing Albahari v. Zoning Bd. of Appeals of Brewster, 76 Mass. App. Ct. 245, 248 & n.4 (2010).

'consistent' with innocence without <u>any</u> tendency to establish it."[2]  <u>Guzman II</u>, <u>supra</u> at 358, citing <u>Guzman</u> v. <u>Commonwealth</u>, 74 Mass. App. Ct. 466, 477 (2009) (<u>Guzman I</u>) (emphasis in original).  Importantly, the court listed incorrect jury instructions as one of these errors or deficiencies.  <u>Guzman II</u>, <u>supra</u> at 358 n.6, citing <u>Commonwealth</u> v. <u>Vizcarrondo</u>, 427 Mass. 392, 392 (1998).  Here, the basis for Santana's reversal was the judge's incorrect jury instruction.  The judge instructed the jury:

> "If however after your consideration of all the evidence you determine that the Commonwealth has proven beyond a reasonable doubt that the <u>defendants raped [the victim]</u> but has not proven beyond a reasonable doubt that the rape was committed by a joint venture, then you <u>shall</u> return a verdict of guilty only to the lesser included offense of rape."

<u>Phineas P.</u>, 79 Mass. App. Ct. at n.5 (emphasis added).

---

[2] "That is, to be eligible, a plaintiff must demonstrate more than that his conviction was set aside because 'new evidence would probably have been a real factor in the jury's deliberations,' <u>Commonwealth</u> v. <u>Grace</u>, 397 Mass. 303, 306 (1986); or that an error at trial '"materially influence[d]" the . . . verdict,' <u>Commonwealth</u> v. <u>Alphas</u>, 430 Mass. 8, 13 (1999), quoting <u>Commonwealth</u> v. <u>Freeman</u>, 352 Mass. 556, 564 (1967); or even that evidence withheld by the Commonwealth would have provided some 'significant aid to the defendant's case,' <u>Commonwealth</u> v. <u>Laguer</u>, 448 Mass. 585, 594 (2007), quoting <u>Commonwealth</u> v. <u>Healy</u>, 438 Mass. 672, 679 (2003)."  <u>Guzman II</u>, <u>supra</u> at 360.  Santana has failed to demonstrate any of these in his claim.

Even putting that aside, the "unique facts of this case" do not tend to establish innocence.[3] See Renaud, supra at 319. "[J]urors are always presumed to follow the instructions they are given." Commonwealth v. McCaster, 46 Mass. App. Ct. 752, 764 (1999). See also Commonwealth v. Helfant, 398 Mass. 214, 228 (1986); Commonwealth v. Maynard, 436 Mass. 558, 571 (2002); Commonwealth v. Berry, 466 Mass. 763, 770 (2014). "[J]urors may have the power to ignore the law, but their duty is to apply the law as interpreted by the court, and they should be so instructed." United States v. Boardman, 419 F.2d 110, 116 (1st Cir. 1969). It is clear from the instructions given that the jury fulfilled their duty to apply the law, albeit incorrectly instructed and interpreted by the court, and they found beyond a reasonable doubt that the "defendants raped" the victim. It is inconceivable to suggest that the ground of incorrect jury instructions "tends to establish innocence" in this instance. See G. L. c. 258D, § 1(B)(ii).

This court, in the underlying rule 1:28 memorandum and order, acquitted Santana based on a legal inconsistency. See Phineas P., supra. "A legally inconsistent verdict arises 'when there exists no set of facts that the government could have

---

[3] As Santana v. Commonwealth, 88 Mass. App. Ct. 553, 554 (2015), made clear, we should not use a categorical approach to determine the eligibility of a plaintiff to bring an erroneous felony conviction claim.

proved in the particular case that would have resulted in the verdict at issue.'" Commonwealth v. Sylvia, 456 Mass. 182, 196 (2010), quoting from Commonwealth v. Gonzalez, 452 Mass. 142, 151 n.8 (2008). It was therefore legally inconsistent for Santana to be convicted of unlawful sexual intercourse with the victim using the codefendant's penis. Notwithstanding the erroneous instruction, the finding of fact that the defendants raped the victim is not consistent with innocence where the jury found facts to support one of the crimes charged but Santana received a windfall based on a procedural error, the jury instruction.

I find it necessary to address the dissent's reliance on certain language from the criminal appeal. The panel in the criminal appeal stated "no rational view of the evidence supports the finding . . . that [Santana] was guilty of rape, but not aggravated rape, with respect to the conduct charged [rape by force via joint venture to wit: the codefendant's penis in the victim's genital opening]." Phineas P., supra (emphasis added). Clearly this language is specifically describing that it was legally impossible for Santana to be guilty of rape with the codefendant's penis. This is certainly not a fact that tends to establish innocence. See G. L. c. 258D, § 1(B)(ii).

Santana "must demonstrate that the grounds for relief had some 'meaningful tendency' to establish innocence, not just a tendency to assist the defendant's chances for acquittal." Guzman II, supra at 360. Here, the defendant has not demonstrated any grounds for relief that establish innocence, only those that assisted the defendant in an acquittal. See Ibid. The panel in Phineas P., supra, continued by stating that although the Commonwealth's theory of the case, "if believed, would support a finding that [Santana] was guilty of aggravated rape as a joint venturer, it provided no hypothetical basis for the jury to believe he was guilty of the lesser included offense of rape." Ibid. "Finally, by acquitting [him] of both aggravated rape and the lesser included offense of rape on the other counts of the indictment, the jury expressly rejected the claim that [Santana] himself had sex with the victim against her will." Ibid. This statement by the panel is inconsistent with the declaration they made pursuant to the jury instruction given and needlessly ventures into the mind of the jury. "It is well understood that jury verdicts will not be disturbed because they are factually inconsistent." Commonwealth v. Diaz, 19 Mass. App. Ct. 29, 33 (1984) citing Dunn v. United States, 284 U.S. 390, 393-394 (1932).

"The rule recognizes the power, possibly salutary, of juries to compromise and to act out of leniency." Commonwealth

v. <u>Diaz</u>, <u>supra</u>.  The jury was well within its power to reject the claims against Santana of aggravated rape, including the charge of aggravated rape with his own penis, against the victim while still finding he was guilty of rape against the victim.  Indeed, by applying the law as they were instructed, this is precisely what happened.  Accordingly, Santana's claim does not demonstrate any facts that tend to establish his innocence and the claim was properly dismissed at the summary judgment phase.

MASSING, J., dissenting.  In 2011, a panel of this court reversed the plaintiff's conviction of rape and ordered the dismissal of what was then the only remaining count in the indictment against him, the jury having acquitted him on all other counts.  The panel held that the trial judge had erroneously instructed the jury on the lesser-included offense of rape with respect to the count charging the plaintiff with aggravated rape as a joint venturer,[1] because "no rational view of the evidence supports the finding . . . that he was guilty of rape, but not aggravated rape, with respect to the conduct charged."  Phineas P. v. Commonwealth, 79 Mass. App. Ct. 1109 (2011).  The panel then vacated the conviction because the evidence at trial "provided no hypothetical basis for the jury to believe [the plaintiff] was guilty of the lesser included offense of rape."  The panel observed that "the jury, by necessary implication, rejected the evidence that he was holding the victim down while [the codefendant] committed the rape," "rejected the evidence that [the plaintiff] attempted to put his penis in the victim's mouth," and "expressly rejected the claim

---

[1] The judge had instructed the jury, "If however after your consideration of all the evidence you determine that the Commonwealth has proven beyond a reasonable doubt that the defendants raped [the victim] but has not proven beyond a reasonable doubt that the rape was committed by a joint venture, the you shall return a verdict of guilty only to the lesser included offense of rape."  Phineas P. v. Commonwealth, 79 Mass. App. Ct. 1109, n.5 (2011) (emphasis added).

that [the plaintiff] himself had sex with the victim against her will."  Ibid.  Because the panel granted the plaintiff relief on grounds that tend to establish his innocence, see G. L. c. 258D, § 1(B)(ii), he is eligible for an opportunity to prove his innocence to a jury.  Accordingly, I respectfully dissent.

The erroneous conviction statute limits eligibility for compensation to claimants "who have been granted judicial relief by a [S]tate court of competent jurisdiction, on grounds which tend to establish the innocence[2] of the individual."  G. L. c. 258D, § 1(B)(ii), inserted by St. 2004, c. 444, § 1.  The threshold requirement "does not express an intent to limit eligibility . . . to individuals whose convictions were vacated or reversed strictly on the basis 'of compelling or overwhelming exculpatory evidence,' that is, on the grounds that they were actually innocent."  Guzman v. Commonwealth, 458 Mass. 354, 359 (2010) (Guzman II), quoting from Guzman v. Commonwealth, 74 Mass. App. Ct. 466, 477 (2009) (Guzman I).  "Rather, grounds which 'tend to establish' a plaintiff's innocence require that a conviction be overturned 'on grounds resting upon facts and circumstances probative of the proposition that the claimant did

---

[2] "Innocence" is further defined as meaning that the individual "did not commit the crimes or crime charged in the indictment or complaint or any other felony arising out of or reasonably connected to the facts supporting the indictment or complaint, or any lesser included felony."  G. L. c. 258D, § 1(C)(vi).

not commit the crime.'" Irwin v. Commonwealth, 465 Mass. 834, 844 (2013), quoting from Guzman II, supra at 359.

We are concerned here only with the threshold question of eligibility for relief under c. 258D. "[T]he eligibility requirement is 'separate and distinct from the merits of the claim of relief that a claimant must establish at trial,' namely that he or she did not commit the charged offense." Renaud v. Commonwealth, 471 Mass. 315, 319 (2015), quoting from Irwin, supra at 839, 842. See Guzman II, supra at 360-361 ("we do not discern a legislative intent that the determination of eligibility be tantamount to a testing of the merits of the claimant's case"). The grounds on which the panel in the criminal appeal granted judicial relief are not disputed. "Where the grounds for relief are not in dispute, the question whether they 'tend to establish' that the plaintiff did not commit the crime is primarily a question of law." Id. at 365.

Our decisions have "rejected a categorical approach," Santana v. Commonwealth, 88 Mass. App. Ct. 553, 554 (2015), in determining whether the grounds for judicial relief "tend to establish innocence." Rather, we must examine "the unique facts of this case [to] inform our decision." Renaud, supra. Here, although an erroneous jury instruction was the underlying basis for the plaintiff's criminal appeal, the panel's analysis and basis for reversal were intensely factual, focusing on whether

the Commonwealth had established any factual basis for his conviction. The panel concluded that the instruction was not warranted because "no rational view of the evidence supports the finding . . . that [the plaintiff] was guilty of rape, but not aggravated rape, with respect to the conduct charged [rape by force via joint venture to wit: the codefendant's penis in the victim's genital opening]." Phineas P., supra. The Commonwealth's theory was that the plaintiff sat on the victim's chest while his codefendant raped her. While this evidence, "if believed, would support a finding that [the plaintiff] was guilty of aggravated rape as a joint venturer, it provided no hypothetical basis for the jury to believe he was guilty of the lesser included offense of rape." Ibid.

The panel rejected the Commonwealth's invitation to affirm the conviction "by speculating that the jury were convinced that [the plaintiff] had raped the victim in a joint enterprise, but were disposed through leniency to convict of the lesser included offense." Ibid. The panel determined that engaging in such speculation would not cure the judge's instructional error. Moreover, the panel concluded that the jury made factual findings in the plaintiff's favor. "More importantly, by acquitting [the plaintiff] of aggravated rape on this charge, the jury, by necessary implication, rejected the evidence that

he was holding the victim down while [the codefendant] committed the rape."  Ibid.

Furthermore, the panel suggested that no factual basis existed for any felony charges against the plaintiff.  See G. L. c. 258D, § 1(C)(vi) (defining "innocence" as meaning that the individual "did not commit the crimes or crime charged in the indictment or complaint or any other felony arising out of or reasonably connected to the facts supporting the indictment or complaint, or any lesser included felony").  By acquitting him of assault with intent to rape, "the jury rejected evidence that [the plaintiff] attempted to put his penis in the victim's mouth."  Phineas P., supra.  By acquitting him of the other counts of the indictment, "the jury expressly rejected the claim that [the plaintiff] himself had sex with the victim against her will."  Ibid.

Thus, the panel's reversal of the conviction, and its order entering a judgment of acquittal, were based on its determination that the jury had rejected both the contention that the plaintiff had engaged in nonconsensual sex with the victim and the theory that he participated in his codefendant's sexual assault on the victim.  In my view, the panel's decision conclusively establishes the plaintiff's eligibility, because he was "granted judicial relief by a state court of competent jurisdiction, on grounds which tend to establish [his]

innocence."  G. L. c. 258D, § 1(B)(ii).  Even if we were to speculate that the jury's verdict was the result of a compromise (notwithstanding that convicting the plaintiff of rape with the codefendant's penis is both legally and factually untenable), the statute directs us to focus the eligibility determination on the grounds underlying the plaintiff's grant of judicial relief.

Accordingly, I would reverse the order of summary judgment in favor of the Commonwealth and order the entry of partial summary judgment in the plaintiff's favor -- but only on the threshold issue of eligibility under G. L. c. 258D.  The determination of eligibility does not entitle the plaintiff to relief.  "He is entitled to relief only if he proves at trial by clear and convincing evidence that he did not commit the offenses charged."  Renaud, 471 Mass. at 320.