*377 Trainor, J.
(concurring). I write separately from the majority in order to emphasize and elaborate on the central legal question in this case. I believe that Santana has not shown that he has “been granted judicial relief by a [Sjtate court of competent jurisdiction, on grounds which tend to establish the innocence of the individual.” G. L. c. 258D, § l(B)(ii), inserted by St. 2004, c. 444, § 1.
Santana was convicted of rape as a lesser included offense of an aggravated rape count. See Commonwealth v. Phineas P., 79 Mass. App. Ct. 1109 (2011) (Phineas P.) (plaintiff and codefendant were both convicted of penile-vaginal rape with codefendant’s penis). The dissent contends that “a panel of this court reversed Santana’s conviction on grounds that tend to establish Santana’s innocence within the meaning of G. L. c. 258D.” However, this analysis misinterprets the statute’s requirements of “grounds which tend to establish innocence.”
“[Tjends to establish innocence,” G. L. c. 258D, is properly understood to mean judicial relief on “grounds [resting] on facts and circumstances probative of the proposition that the claimant did not commit the crime[ ] charged.” Guzman v. Commonwealth, 458 Mass. 354, 365 (2010) (Guzman IP) (emphasis added). “[T]he eligibility requirement is ‘separate and distinct from the merits of the claim of relief that a claimant must establish at trial,’ namely that he or she did not commit the charged offense.” Renaud v. Commonwealth, 471 Mass. 315, 319 (2015), quoting from Irwin v. Commonwealth, 465 Mass. 834, 839, 842 (2013).
At the summary judgment phase,[1] the court does not determine Santana’s actual innocence to determine his eligibility under G. L. c. 258D. The court must only determine if the grounds for relief in the underlying case were for “grounds which tend to establish the innocence of the individual.” G. L. c. 258D, § l(B)(ii). The statute defines “innocence” as the individual “did not commit the crimes or crime charged in the indictment or complaint or any other felony arising out of or reasonably con *378 nected to the facts supporting the indictment or complaint, or any lesser included felony.” G. L. c. 258D, § l(C)(vi) (emphasis added).
As the Supreme Judicial Court noted in Guzman II, ‘“it is possible to envision many potential claimants whose convictions are reversed because of procedural or evidentiary errors or structural deficiencies at their trials that could well be ‘consistent’ with innocence without any tendency to establish it.”[2] Guzman II, supra at 358, citing Guzman v. Commonwealth, 74 Mass. App. Ct. 466, 477 (2009) (Guzman I) (emphasis in original). Importantly, the court listed incorrect jury instructions as one of these errors or deficiencies. Guzman II, supra at 358 n.6, citing Commonwealth v. Vizcarrondo, 427 Mass. 392, 392 (1998). Here, the basis for Santana’s reversal was the judge’s incorrect jury instruction. The judge instructed the jury:
‘“If however after your consideration of all the evidence you determine that the Commonwealth has proven beyond a reasonable doubt that the defendants raped [the victim] but has not proven beyond a reasonable doubt that the rape was committed by a joint venture, then you shall return a verdict of guilty only to the lesser included offense of rape.”
Phineas P., 79 Mass. App. Ct. at n.5 (emphasis added).
Even putting that aside, the ‘“unique facts of this case” do not tend to establish innocence.[3] See Renaud, supra at 319. ‘“[J]urors are always presumed to follow the instructions they are given.” Commonwealth v. McCaster, 46 Mass. App. Ct. 752, 764 (1999). See Commonwealth v. Helfant, 398 Mass. 214, 228 (1986); Commonwealth v. Maynard, 436 Mass. 558, 571 (2002); Commonwealth v. Berry, 466 Mass. 763, 770 (2014). ‘“[J]urors may *379 have the power to ignore the law, but their duty is to apply the law as interpreted by the court, and they should be so instructed.” United States v. Boardman, 419 F.2d 110, 116 (1st Cir. 1969). It is clear from the instructions given that the jury fulfilled their duty to apply the law, albeit incorrectly instructed and interpreted by the court, and they found beyond a reasonable doubt that the ‘“defendants raped” the victim. It is inconceivable to suggest that the ground of incorrect jury instructions ‘“tends to establish innocence” in this instance. See G. L. c. 258D, § l(B)(ii).
This court, in the underlying rule 1:28 memorandum and order, acquitted Santana based on a legal inconsistency. See Phineas P., supra. “A legally inconsistent verdict arises ‘when there exists no set of facts that the government could have proved in the particular case that would have resulted in the verdict at issue.’ ” Commonwealth v. Sylvia, 456 Mass. 182, 196 (2010), quoting from Commonwealth v. Gonzalez, 452 Mass. 142, 151 n.8 (2008). It was therefore legally inconsistent for Santana to be convicted of unlawful sexual intercourse with the victim using the codefen-dant’s penis. Notwithstanding the erroneous instruction, the finding of fact that the defendants raped the victim is not consistent with innocence where the jury found facts to support one of the crimes charged but Santana received a windfall based on a procedural error, the jury instruction.
I find it necessary to address the dissent’s reliance on certain language from the criminal appeal. The panel in the criminal appeal stated ‘“no rational view of the evidence supports the finding ... that [Santana] was guilty of rape, but not aggravated rape, with respect to the conduct charged [rape by force via joint venture to wit: the coclefenclant’s penis in the victim’s genital opening].” Phineas P., supra (emphasis added). Clearly this language is specifically describing that it was legally impossible for Santana to be guilty of rape with the codefendant’s penis. This is certainly not a fact that tends to establish innocence. See G. L. c. 258D, § 1(B)(ii).
Santana ‘“must demonstrate that the grounds for relief had some ‘meaningful tendency’ to establish innocence, not just a tendency to assist the defendant’s chances for acquittal.” Guzman II, supra at 360. Here, the defendant has not demonstrated any grounds for relief that establish innocence, only those that assisted the defendant in an acquittal. See Ibid. The panel in Phineas P., supra, continued by stating that although the Commonwealth’s theory of the case, ‘“if believed, would support a finding that [Santana] was *380 guilty of aggravated rape as a joint venturer, it provided no hypothetical basis for the jury to believe he was guilty of the lesser included offense of rape.” Ibid. ‘“Finally, by acquitting [him] of both aggravated rape and the lesser included offense of rape on the other counts of the indictment, the jury expressly rejected the claim that [Santana] himself had sex with the victim against her will.” Ibid. This statement by the panel is inconsistent with the declaration that the panel made pursuant to the jury instruction given and needlessly ventures into the mind of the jury. “It is well understood that jury verdicts will not be disturbed because they are factually inconsistent.” Commonwealth v. Diaz, 19 Mass. App. Ct. 29, 33 (1984) citing Dunn v. United States, 284 U.S. 390, 393-394 (1932).
“The rule recognizes the power, possibly salutary, of juries to compromise and to act out of leniency.” Commonwealth v. Diaz, supra. The jury were well within their power to reject the claims against Santana of aggravated rape, including the charge of aggravated rape with his own penis, against the victim while still finding he was guilty of rape against the victim. Indeed, by applying the law as they were instructed, this is precisely what happened. Accordingly, Santana’s claim does not demonstrate any facts that tend to establish his innocence and the claim was properly dismissed at the summary judgment phase.

 Summary judgment is appropriate when no material facts are in dispute. Massachusetts Hosp. Assn. v. Department of Pub. Welfare, 419 Mass. 644, 649 (1995). “On appellate review of a judge’s decision on cross motions for summary judgment, we view the record in the light most favorable to the party against whom the judge allowed summary judgment, here the plaintifff ].” Marhefka v. Zoning Bd. of Appeals of Salem, 79 Mass. App. Ct. 515, 516 (2011), citing Albahari v. Zoning Bd. of Appeals of Brewster, 76 Mass. App. Ct. 245, 248 & n.4 (2010).

 “That is, to be eligible, a plaintiff must demonstrate more than that his conviction was set aside because ‘new evidence would probably have been a real factor in the jury’s deliberations,’ Commonwealth v. Grace, 397 Mass. 303, 306 (1986); or that an error at trial ‘ “materially influencefd]” the . . . verdict,’ Commonwealth v. Alphas, 430 Mass. 8, 13 (1999), quoting Commonwealth v. Freeman, 352 Mass. 556, 564 (1967); or even that evidence withheld by the Commonwealth would have provided some ‘significant aid to the defendant’s case,’ Commonwealth v. Laguer, 448 Mass. 585, 594 (2007), quoting Commonwealth v. Healy, 438 Mass. 672, 679 (2003).” Guzman II, supra at 360. Santana has failed to demonstrate any of these in his claim.

 As Santana v. Commonwealth, 88 Mass. App. Ct. 553, 554 (2015), made clear, we should not use a categorical approach to determine the eligibility of a plaintiff to bring an erroneous felony conviction claim.