Massing, J.
(dissenting). In 2011, a panel of this court reversed the plaintiffs conviction of rape and ordered the dismissal of what was then the only remaining count in the indictment against him, the jury having acquitted him on all other counts. The panel held that the trial judge had erroneously instructed the jury on the lesser included offense of rape with respect to the count charging the plaintiff with aggravated rape as a joint venturer,[1] because “no rational view of the evidence supports the finding .. . that he was guilty of rape, but not aggravated rape, with respect to the conduct charged.” Commonwealth v. Phineas P., 79 Mass. App. Ct. 1109 (2011). The panel then vacated the conviction because *381 the evidence at trial “provided no hypothetical basis for the jury to believe [the plaintiff] was guilty of the lesser included offense of rape.” The panel observed that “the jury, by necessary implication, rejected the evidence that he was holding the victim down while [the codefendant] committed the rape,” “rejected the evidence that [the plaintiff] attempted to put his penis in the victim’s mouth,” and “expressly rejected the claim that [the plaintiff] himself had sex with the victim against her will.” Ibid. Because the panel granted the plaintiff relief on grounds that tend to establish his innocence, see G. L. c. 258D, § l(B)(ii), he is eligible for an opportunity to prove his innocence to a jury. Accordingly, I respectfully dissent.
The erroneous conviction statute limits eligibility for compensation to claimants “who have been granted judicial relief by a [S]tate court of competent jurisdiction, on grounds which tend to establish the innocence[2] of the individual.” G. L. c. 258D, § l(B)(ii), inserted by St. 2004, c. 444, § 1. The threshold requirement “does not express an intent to limit eligibility ... to individuals whose convictions were vacated or reversed strictly on the basis ‘of compelling or overwhelming exculpatory evidence,’ that is, on the grounds that they were actually innocent.” Guzman v. Commonwealth, 458 Mass. 354, 359 (2010) (Guzman II), quoting from Guzman v. Commonwealth, 74 Mass. App. Ct. 466, 477 (2009) (Guzman I). “Rather, grounds which ‘tend to establish’ a plaintiff’s innocence require that a conviction be overturned ‘on grounds resting upon facts and circumstances probative of the proposition that the claimant did not commit the crime.’ ” Irwin v. Commonwealth, 465 Mass. 834, 844 (2013), quoting from Guzman II, supra at 359.
We are concerned here only with the threshold question of eligibility for relief under c. 258D. “[T]he eligibility requirement is ‘separate and distinct from the merits of the claim of relief that a claimant must establish at trial,’ namely that he or she did not commit the charged offense.” Renaud v. Commonwealth, 471 Mass. 315, 319 (2015), quoting from Irwin, supra at 839, 842. See Guzman II, supra at 360-361 (“we do not discern a legislative intent that the determination of eligibility be tantamount to a *382 testing of the merits of the claimant’s case”). The grounds on which the panel in the criminal appeal granted judicial relief are not disputed. ‘“Where the grounds for relief are not in dispute, the question whether they ‘tend to establish’ that the plaintiff did not commit the crime is primarily a question of law.” Id. at 365.
Our decisions have ‘“rejected a categorical approach,” Santana v. Commonwealth, 88 Mass. App. Ct. 553, 554 (2015), in determining whether the grounds for judicial relief ‘“tend to establish innocence.” Rather, we must examine ‘“the unique facts of this case [to] inform our decision.” Renaud, supra. Here, although an erroneous jury instruction was the underlying basis for the plaintiff s criminal appeal, the panel’s analysis and basis for reversal were intensely factual, focusing on whether the Commonwealth had established any factual basis for his conviction. The panel concluded that the instruction was not warranted because ‘“no rational view of the evidence supports the finding . . . that [the plaintiff] was guilty of rape, but not aggravated rape, with respect to the conduct charged [rape by force via joint venture to wit: the codefendant’s penis in the victim’s genital opening].” Phineas P., supra. The Commonwealth’s theory was that the plaintiff sat on the victim’s chest while his codefendant raped her. While this evidence, ‘“if believed, would support a finding that [the plaintiff] was guilty of aggravated rape as a joint venturer, it provided no hypothetical basis for the jury to believe he was guilty of the lesser included offense of rape.” Ibid.
The panel rejected the Commonwealth’s invitation to affirm the conviction “by speculating that the jury were convinced that [the plaintiff] had raped the victim in a joint enterprise, but were disposed through leniency to convict of the lesser included offense.” Ibid. The panel determined that engaging in such speculation would not cure the judge’s instructional error. Moreover, the panel concluded that the jury made factual findings in the plaintiff’s favor. “More importantly, by acquitting [the plaintiff] of aggravated rape on this charge, the jury, by necessary implication, rejected the evidence that he was holding the victim down while [the codefendant] committed the rape.” Ibid.
Furthermore, the panel suggested that no factual basis existed for any felony charges against the plaintiff. See G. L. c. 258D, § l(C)(vi) (defining “innocence” as meaning that the individual “did not commit the crimes or crime charged in the indictment or complaint or any other felony arising out of or reasonably connected to the facts supporting the indictment or complaint, or any *383 lesser included felony”). By acquitting him of assault with intent to rape, ‘“the jury rejected evidence that [the plaintiff] attempted to put his penis in the victim’s mouth.” Phineas P., supra. By acquitting him of the other counts of the indictment, ‘“the jury expressly rejected the claim that [the plaintiff] himself had sex with the victim against her will.” Ibid.
Thus, the panel’s reversal of the conviction, and its order entering a judgment of acquittal, were based on its determination that the jury had rejected both the contention that the plaintiff had engaged in nonconsensual sex with the victim and the theory that he participated in his codefendant’s sexual assault on the victim. In my view, the panel’s decision conclusively establishes the plaintiff’s eligibility, because he was “granted judicial relief by a state court of competent jurisdiction, on grounds which tend to establish [his] innocence.” G. L. c. 258D, § l(B)(ii). Even if we were to speculate that the jury’s verdict was the result of a compromise (notwithstanding that convicting the plaintiff of rape with the codefendant’s penis is both legally and factually untenable), the statute directs us to focus the eligibility determination on the grounds underlying the plaintiff’s grant of judicial relief.
Accordingly, I would reverse the order of summary judgment in favor of the Commonwealth and order the entry of partial summary judgment in the plaintiff’s favor — but only on the threshold issue of eligibility under G. L. c. 258D. The determination of eligibility does not entitle the plaintiff to relief. “He is entitled to relief only if he proves at trial by clear and convincing evidence that he did not commit the offenses charged.” Renaud, 471 Mass. at 320.

 The judge had instructed the jury, “If however after your consideration of all the evidence you determine that the Commonwealth has proven beyond a reasonable doubt that the defendants raped [the victim] but has not proven beyond a reasonable doubt that the rape was committed by a joint venture, then you shall return a verdict of guilty only to the lesser included offense of rape.” Commonwealth v. Phineas P., 79 Mass. App. Ct. 1109 (2011) (emphasis added).

 “Innocence” is further defined as meaning that the individual “did not commit the crimes or crime charged in the indictment or complaint or any other felony arising out of or reasonably connected to the facts supporting the indictment or complaint, or any lesser included felony.” G. L. c. 258D, § 1 (C)(vi).