NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-765

DANIEL KNIGHT

vs.

ATTORNEY GENERAL.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Daniel Knight, filed a complaint in the Superior Court seeking compensation from the Commonwealth for wrongful convictions, pursuant to G. L. c. 258D. He claimed that he was entitled to compensation because a judge ultimately vacated his convictions and dismissed the underlying indictments. A Superior Court judge allowed the Commonwealth's motion to dismiss, a judgment of dismissal entered, and the plaintiff appealed. We affirm.

Background. On May 24, 2006, the plaintiff pleaded guilty to three indictments charging possession of a class A controlled substance and two counts of distribution of a class A controlled substance. A Superior Court judge sentenced him to eleven months in the house of correction followed by two years of probation. The plaintiff later violated his probation, and

another judge sentenced him to an additional year in the house of correction.

Twelve years after the convictions, the Supreme Judicial Court issued an opinion in the case of Committee for Pub. Counsel Servs. v. Attorney Gen., 480 Mass. 700, 704 (2018), that resulted in the dismissal of thousands of convictions and pending charges connected with the Amherst drug laboratory where an employee tampered with evidence in criminal cases. In accordance with that opinion, on November 2, 2018, a single justice of the Supreme Judicial Court vacated the plaintiff's convictions and dismissed the indictments with prejudice.

On April 15, 2021, the plaintiff filed a complaint seeking compensation pursuant to G. L. c. 258D. Following a hearing, a judge allowed the Commonwealth's motion to dismiss. The judge reasoned, "Nothing in the dismissal of the defendant's three convictions, or the facts and circumstances underlying that relief, tends to show that he was innocent. Therefore, the plaintiff is not eligible to pursue a claim under G.L. c. 258D."

Discussion. "We review the allowance of a motion to dismiss de novo" (citation omitted). Verveine Corp. v. Strathmore Ins. Co., 489 Mass. 534, 538 (2022). "A motion to dismiss will be granted unless the factual allegations in the complaint are enough to raise a right to relief above the speculative level based on the assumption that all the

2

allegations in the complaint are true (even if doubtful in fact)" (quotation and citation omitted).  Id.

To recover damages against the Commonwealth for a wrongful conviction, the plaintiff must initially establish that he is within a "class of persons eligible to obtain relief."  G. L. c. c. 258D, § 1 (B).  As relevant here, that class of persons includes "those who have been granted judicial relief by a state court of competent jurisdiction, on grounds which tend to establish the innocence of the individual."  G. L. c. 258D, § 1 (B) (ii).  Such grounds must rest "upon facts and circumstances probative of the proposition that the [plaintiff] did not commit the crime" (citation omitted).  Guzman v. Commonwealth, 458 Mass. 354, 362 (2010).  Put another way, "a plaintiff must first show that the grounds for judicial relief were probative of his innocence."  Riley v. Commonwealth, 82 Mass. App. Ct. 209, 212 n.3 (2012).

Here, the judicial relief granted by the single justice was unrelated to the question of the plaintiff's innocence. According to the record, the single justice vacated the plaintiff's convictions by "SJC order."  The origin of that referenced order comes from Committee for Pub. Counsel Servs., 480 Mass. at 723, 729, where the Supreme Judicial Court disclaimed a case-by-case adjudication and opted instead for a global remedy involving thousands of cases impacted by

3

improprieties at the Amherst drug laboratory.  Thus, far from being "probative of his innocence," Riley, 82 Mass. App. Ct. at 212 n.3, the order of the single justice was based solely on the fact that the class A substances in the plaintiff's case happened to be analyzed at the subject lab during a certain time period.  Nothing in the single justice's order suggests any "facts and circumstances probative of the proposition that the [plaintiff] did not commit the crime[s]" (citation omitted). Guzman, 458 Mass. at 362.  Therefore, the plaintiff did not establish that he is within a "class of persons eligible to obtain relief."  G. L. c. 258D § 1 (B).

We disagree with the plaintiff's contention that the global remedy provided by the Supreme Judicial Court's opinion in Committee for Pub. Counsel Servs. inferentially established his innocence.  He contends that the dismissal of the indictments and the absence of any evidence from the Amherst drug laboratory logically indicate innocence.  He reasons, "if the necessary element of possession cannot be established, a presumptive inference should be given to [the plaintiff] that no crime was committed."  The Supreme Judicial Court has rejected similar arguments.

In Commonwealth v. Caliz, 486 Mass. 888, 892 (2021), the court recognized the egregious misconduct related to the Amherst drub laboratory but declined to equate "government misconduct"

4

with "actual innocence."  Also, a judicial remedy that results in the absence of an opportunity for retrial due to "dismissal or nolle prosequi of the underlying criminal charge[s]" does not equate with innocence.  Peterson v. Commonwealth, 478 Mass. 434, 439 (2017).  Judicial remedies for "'procedural or evidentiary errors or structural deficiencies at . . . trial[] that could well be "consistent" with innocence without any tendency to establish it' would not meet the statutory definition."  Irwin v. Commonwealth, 465 Mass. 834, 846 (2013), quoting Guzman, 458 Mass. at 358.  Because the plaintiff's convictions were not vacated on grounds tending to establish innocence, he is not eligible for relief under G. L. c. 258D.  Contrast Renaud v. Commonwealth, 471 Mass. 315, 319 (2015) (grounds for relief pertained to insufficient evidence of "the identity of the defendant"); Drumgold v. Commonwealth, 458 Mass. 367, 378 (2010) (grounds for relief probative of "reliability of the identification of [the defendant] as one of the shooters"); Guzman, 458 Mass. at 365 (grounds for judicial relief tend to establish innocence where "erroneously omitted evidence was probative of the conclusion that the culprit was someone else").

Finally, based on the result we have reached, we need not consider whether the length of the plaintiff's sentences qualified for relief under G. L. c. 258D.

Judgment affirmed.

By the Court (Shin, Brennan & Hodgens, JJ.[1]),

Paul Little

Assistant Clerk

Entered:  April 10, 2024.

---

[1] The panelists are listed in order of seniority.